### HERRICK et al. v. CUTCHEON et al.

#### (Circuit Court of Appeals, First Circuit. February 3, 1893.)

#### No. 48.

APPEAL—TIME OF TAKING—DECREE—DOCKET ENTRIES.

The docket entry in an infringement suit, "Opinion—Decree for complainants," does not constitute a decree for an injunction which is required to give the circuit court of appeals jurisdiction, nor can such entry be aided for that purpose by reference to the opinion; and hence an appeal taken before any decree is drawn is premature.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

In Equity. This was a suit by James C. Cutcheon and Charles S. Johnson against George W. Herrick, Frederick W. Herrick, and George H. Herrick for the infringement of letters patent No. 384,893, issued June 19, 1892, to the assignees of James C. Cutcheon, for an improvement in "beating-out machines." The court rendered an opinion (52 Fed. Rep. 147) sustaining the patent, finding that it had been infringed, and concluding with the words, "Decree for complainants." Thereupon, and before any decree was entered, defendants appealed. Dismissed.

Charles A. Taber, for appellants.
Alexander P. Browne, for appellees.

Before PUTNAM, Circuit Judge, and NELSON and WEBB, District Judges.

PER CURIAM. Whatever may be the practice of the circuit court as to drawing out decrees before they become effective as such, it is plain that the docket entry in this case, containing only the words, "Opinion—Decree for complainants," does not constitute a decree for an injunction required to give this court jurisdiction, nor can the docket entry be aided for that purpose by reference to the opinion. The appeal was taken prematurely, and is dismissed.