## MACK v. LEVY et al.

### (Circuit Court, S. D. New York. February 20, 1894.)

1. PATENTS—DECREE—RES JUDICATA.
   A decree which shows only that certain claims of a patent were sustained does not include an adjudication that the other claims were invalid.

2. RES JUDICATA—WAIVER.
   The estoppel of a decree need not be relied upon, but may be waived; and it is binding upon both parties or neither. Hence, when defendant sets up new matter as a defense to a prior decree pleaded by complainant, the latter may treat the estoppel as waived.

This is a bill by William Mack against Levy, Dreyfus & Co. for infringement of letters patent No. 268,112, issued November 28, 1882, to complainant. On motion for rehearing. The prior opinion is reported in 59 Fed. 468.

Albertus H. West, for plaintiff.
James A. Hudson, for defendants.

WHEELER, District Judge. The defendants have moved for a rehearing upon the conclusiveness of the decree in the former suit between these parties. The bill in this suit alleges the issuing and infringement of the letters patent, and that they had been in controversy in a certain suit in equity in this court wherein the orator was complainant and these defendants were defendants, which came on for hearing before Judge Shipman, whereupon "the said court decreed that said letters patent were good and valid in law, and that the defendants had infringed upon the fourth and sixth claims thereof," and directed an injunction and an accounting. 59 Fed. 468. It also alleges a suit by the orator against the Spencer Optical Manufacturing Company, in which this court, held by Judge Coxe, "decreed that said letters patent were valid in law as to claims four and seven thereof." 52 Fed. 819. The answer admits the issuing of the patent, and the former suit and decree against the defendants, and alleges that the invention had been previously known to, and used by, among others, August Stendike, of and at New York; and, "of and concerning the said suit, these respondents allege, and will show to the court, that, upon the evidence therein presented at the hearing thereof, the said court made and filed a decision in writing, wherein certain facts were found and conclusions of law reached, upon and pursuant to which, and after the filing thereof, and the making of the interlocutory decree aforesaid, such proceedings were had that the respondents duly accounted as therein directed; and thereafter, on the 1st day of December, 1890, a final decree was therein made, in conformity to said decision and modification of said interlocutory decree, and filed by the court, wherein and whereby the respondents were adjudged to pay to the complainant the sum of $800, in full for profits, damages, and costs of the said suit to the time of said decree, and the said patent was adjudged to be good and valid, but only as to the fourth and sixth claims thereof,— all of which, by said decision and interlocutory decree and final

decree, or certified copies thereof, here in court to be produced, will more fully appear; and that said final decree yet remains in full force and effect. * * * And these respondents further show unto your honors that facts are alleged in this answer, and evidence will be presented in this suit, material and necessary to the issues raised by the pleadings, which facts were not before the court in the suit above mentioned, because the evidence thereof was not available to the respondents for use therein, which facts these respondents believe, and thereupon allege, would have constrained the court to have made a judgment and decree altogether in favor of the respondents in said former case, had the evidence of such facts been before the court on the trial of the cause;" that the defendants began to make and sell opera-glass handles of the form and construction charged to be an infringement, whereupon proceedings praying an attachment as for a contempt of the injunction were instituted; "and that the matter came on for hearing on said motion, and was heard by the court, Hon. Nathaniel Shipman, judge, presiding, and on due consideration the attachment prayed for was denied, and a written decision was made and duly filed on the decision thereof, on or about the 21st day of March, 1892, wherein and whereby the true intent and meaning of the decision filed in the suit aforesaid on the final hearing thereof was more fully elaborated and explained, and the scope of the patent in suit more fully defined; and that an order was duly made pursuant to said decision, and filed by the court on the 25th day of March, 1892, as by reference to the said decision and order, or to duly-certified copies thereof, here in court to be produced, will more fully appear."

The answer was traversed. The orator produced in evidence the patent, the opinion of Judge Shipman, and the final decree signed by Judge Lacombe in the former suit between these parties, adjudging that the letters patent "are good and valid in law as to the fourth and sixth claims thereof," and the opinions of Judge Coxe in the suit against the Spencer Optical Manufacturing Company; and the defendants admitted manufacture and sale of an exhibit as a specimen of opera-glass holders which was like those before Judge Shipman in the contempt proceedings, and those held by Judge Coxe to be an infringement. The defendants introduced much testimony as to other anticipations, which was controverted, but none as to Stendike, and produced the contempt proceedings. The defendants now insist that they urged on the argument, and that the court should have held, that the decree in the former suit between these parties was conclusive as to the extent of the validity and as to the construction of the patent, which would acquit the defendants of infringement; and that the decision of Judge Coxe should not be followed because not between these parties.

The former decree between these parties was not at all conclusive between the orator and the Spencer Optical Manufacturing Company, because that company was not a party to that decree and would not be bound by it; and both parties must be bound, or neither is. 1 Greenl. Ev. § 524. The difference between those

cases appears to have been that, in the former, Judge Shipman found priority of the Stendike device; and, in the latter, Judge Coxe did not. That decree is not conclusive in all things here, because this suit is for an alleged new infringement arising since that suit was brought. It is conclusive, if relied upon, of whatever is properly brought forward and shown here to have been in issue, and tried and determined there. Cromwell v. County of Sac, 94 U. S. 351; Russell v. Place, Id. 606. "But to this operation of the judgment it must appear either upon the face of the record, or be shown by extrinsic evidence, that the precise question was raised and determined in the former suit." Field, J., 94 U. S. 608. The important questions here are whether the priority of the Stendike device, and the invalidity of all but the fourth and sixth claims of the patent, are so shown to have been decreed there as to be binding and conclusive here. Some of the claims might be in controversy, and others not, and decreeing the fourth and sixth claims to be valid (which is all that the final decree, if sufficient, shows) would not at all include decreeing the others to be invalid. Russell v. Place, 94 U. S. 606. Nothing shows anything about the Stendike device but the opinions of Judge Shipman and Judge Coxe. These are not decrees, nor even parts of the record on which the decrees were founded, but are only reasoning upon the records which, as authorities, become a part of the law of the subject. Herrick v. Cutcheon, 5 U. S. App. 250, 5 C. C. A. 21, 55 Fed. 6. The opinions and decree, as evidence, show that such opinions were rendered, and that such a decree was made. They do not show the issues and facts which were considered, but only that such consideration was had. They are precedents, and not estoppels. 1 Greenl. Ev. § 511.

There has been nothing about the Stendike device in this case to consider except the opinion of Judge Shipman with it in, and of Judge Coxe with it out. As in this case it is out, the opinion of Judge Coxe as an authority, not as evidence, has been followed, the same as Judge Shipman's would have been if it had been in. And an estoppel need not be relied upon, but may be waived. It is, as before said, binding upon both parties or neither, and as conclusive in respect to newly-discovered evidence as to that before known or introduced. The defendants, having set up a defense against it, have elected to treat it as open and not binding. As it could not be both open and shut, the orator might, as he has, treat it as waived.

Rehearing denied.