In re BROOKSTONE MFG. CO. et al.

(Circuit Court of Appeals, First Circuit. January 23, 1917.)

No. 1242.

1. BANKRUPTCY ⬤⟳384—ORDER—INFORMALITY.

A paper filed by a District Judge in a bankruptcy proceeding, which, after reciting the approval of an offer of composition by a large majority of creditors and the opposition of others, and the failure of the latter to sustain their contentions by proofs, closing with the words, "The composition is therefore confirmed," held to constitute an order of confirmation, although entered on the docket by the clerk as an "opinion confirming composition"; it being shown that it was the practice to treat such an order as a final order.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 590–592.]

2. BANKRUPTCY ⬤⟳461—ORDER CONFIRMING COMPOSITION—APPEAL.

Assuming the right of appeal from an order confirming a composition, such appeal is governed by Bankr. Act July 1, 1898, c. 541, § 25a, 30 Stat. 553 (Comp. St. 1913, § 9609), and must be taken within 10 days.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 920–923.]

3. MANDAMUS ⬤⟳57(1)—TO REQUIRE ENTRY OF ORDER BY LOWER COURT—DISCRETION.

A petition to an appellate court for a mandamus to require a lower court to enter an order for the purpose of enabling petitioners to appeal therefrom is addressed to the discretion of the court, and is not to be granted unless a clear case of necessity, in order to prevent substantial injustice, is made out.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 114, 115, 117–120.]

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Petition by the Brookstone Manufacturing Company and others for mandamus or prohibition or certiorari. Petition dismissed.

Joseph B. Jacobs, of Boston, Mass. (Maurice E. Rosen, of Portland, Me., on the brief), for petitioners.

Frank A. Morey, of Lewiston, Me., for respondent.

Before DODGE and BINGHAM, Circuit Judges, and ALDRICH, District Judge.

DODGE, Circuit Judge. [1] The objections specified by these petitioners to an accepted composition were heard by the District Judge August 30, 1916. Their petition states that on September 1, 1916, he "handed down, and had filed, an opinion, a copy of which is hereto annexed, marked 'A,' confirming the composition offered." The paper thus described is dated August 31, 1916. Though called an "opinion" in the petition, it is not so entitled, nor is it otherwise entitled. The clerk's docket entry was: "September 1, 1916, opinion, Hale, J., confirming composition filed." The answer of the District Judge calls it an "opinion and order." It concludes with these words, "The composition is therefore confirmed," which it would certainly be difficult to understand otherwise than as an order.

The words just quoted were preceded by a recital that nonassenting creditors opposed confirmation, that confirmation had been approved by a large majority, that the opposing creditors had the burden of showing that acceptance was not for the creditors' best interests, and that upon consideration of the proofs that burden had not been sustained.

The petitioners took no action whatever within 10 days from September 1, 1916. On September 21st, they filed a motion that a final decree confirming the composition be entered. This the court denied September 23d, "it appearing that the composition was confirmed by order of this court more than 10 days before the date of the filing of this motion."

The petitioners now allege that no decree confirming the composition has been entered or filed and that they desire to appeal from any decree or order confirming it. They ask that the judge be ordered to "sign and docket a decree or order" confirming it, for the obvious purpose of allowing them a further opportunity to appeal.

[2] In Ross v. Saunders, 105 Fed. 915, 919, 45 C. C. A. 123, this court declined to pass on the right of appeal against an order confirming a composition; and has not since been called on to pass upon it. Assuming, in view of Re Bay State, etc., Co., 223 Fed. 778, 139 C. C. A. 598 in the Second Circuit, and of like decisions in other circuits, that the right exists, the appeal is required by section 25a of the Bankruptcy Act to be taken "within ten days after the judgment appealed from has been rendered." If the court "rendered a judgment" confirming this composition on September 1st, the petitioners' right to appeal from it expired on September 11th, and no longer existed when they first took any step regarding it. There is no suggestion that they were without notice of the rendition of the order dated September

1st. The practice in the Maine district, as stated by the District Judge in his answer, is to treat such an order as he entered as the final order upon which an appeal is taken, if taken at all.

The petitioners rely here on General Order 38 (89 Fed. xiv, 32 C. C. A. xiv), requiring the official forms to be "observed and used with such alterations as may be necessary to suit the circumstances of any particular case"; also on Official Form 62, for an "order confirming composition." This form provides for a somewhat fuller recital than is found in the paper filed September 1st, as above, of the proceedings had regarding the composition confirmed; but there is no suggestion that any of the steps to be so recited had been omitted in this case. Following such recital in the official form are the concluding words, "It is therefore hereby ordered that the said composition be, and it hereby is, confirmed," which is for all practical purposes the same as the order made in this case, whatever may be said as to the recitals preceding it. No indication is found in the official form that the order is to be either "signed" or "docketed" by the District Judge, as prayed for in this petition.

This proceeding was not one of those to which General Order 37 (89 Fed. xiv, 32 C. C. A. xiv), makes the Supreme Court equity rules applicable. Nor was it covered by local rule 23, requiring all appealable decisions in equity or admiralty to be supplemented by a "formal decree giving effect thereto." In cases not governed by similar express requirements it cannot be said that an appealable order, decree, or judgment may never be embodied in an "opinion" so as to be rendered when the opinion is filed. Admitting that an opinion, generally speaking, only announces the court's conclusions or rulings and contemplates future settlement of the precise terms whereby they are to become operative in the case as an order, decree, or judgment, and that an opinion of this kind does nothing in the case from which an appeal will lie (Herrick v. Cutcheon, 55 Fed. 6, 5 C. C. A. 21; Rush v. Lake, 122 Fed. 561, 58 C. C. A. 447), we see no reason to doubt that an opinion, if sufficiently explicit to that effect, may, besides announcing the conclusions or rulings, embody the order, decree, or judgment which they require. When, as in this case, the conclusions or rulings announced leave no room for controversy as to the brief terms needed for embodiment of the resulting order, and the opinion concludes with an order in those terms, there can be no sufficient ground for saying that the order is not rendered by filing the opinion so including it.

We find no such difference in matter of substance between the recitals and order which the District Judge included in the opinion filed September 1st, and the official form, as would warrant us in saying that he did not on that day render a judgment confirming the composition, from which any appeal must be taken within 10 days. We see no reason to doubt that it would be entirely within his power now to enter the same order, in the full official form, as of September 1st. This, as in the case of a docket entry, "Bill dismissed," under Massachusetts practice, though proper for the regular completion of the records, would not be essential, but a mere extension of the order al-

ready entered, having relation to the time of entry of that order. Snell v. Dwight, 121 Mass. 348. The petitioners make no attempt to explain or excuse their failure to appeal within 10 days from September 1st, and therefore, in view of the local practice, fail to show that they have lost any substantial right.

[3] An application of this kind is an application to the discretion of the appellate court, and is not to be granted unless a clear case of necessity, in order to prevent substantial injustice, is made out; nor are the petitioners' interests alone in question. The effect of issuing the writ upon other interests involved are to be considered. It appears from this petition that on September 23d the court entered an order of distribution in the case, and that on the same day a pay order was issued, which, according to the docket entries, made part of the record, was on the same day mailed to the referee. No attempt by the petitioners to review this order of distribution, or the action of the court thereon, appears to have been made. Their present petition was not filed until September 28th.

In view of the effect which the issue of the writ prayed for might have upon proceedings had under the order of September 1st, we cannot consider such informality as here appears in the rendition of the judgment sufficient warrant for interference by this court in the manner desired.

The petition is dismissed, with costs.

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes