McKennan, 0. J.
This bill brings up for review an order of the district court dismissing objections filed by the complainants to the discharge in bankruptcy of the respondents. The motion to dismiss the objections is in the nature of a demurrer, assigning as the only reason for it their insufficiency in law to prevent the discharge, and so it was dealt with by the court below. The objections set up á pecuniary arrangement with certain of the bankrupts’ creditors, as the consideration of their assent to a proposition of composition, and their approval of a resolution to that effect. The composition failed for want of the assent of the required number of creditors, and so the bankruptcy proceeding went on in regular course.
To enforce a distribution of a bankrupt debtor’s property among his creditors, upon a basis of equality, and to relieve' him from further liability for his debts, are the fundamental *675 objects of the bankrupt law; and it provides two methods of effectuating these objects. In one, the assets are administered and ratably distributed by an assignee, selected by the creditors, and the bankrupt is discharged only by the special order of the court; in the other, the bankrupt and his creditors deal directly with each other, by compounding the debts at a fixed rate, which composition, when approved by the court and carried into effect, operates as a discharge of the bankrupt, without any formal order by the court. But as alternative and equally available means of accomplishing the same general results, they are constituent parts of the system of bankruptcy, and are alike within the scope and designation of bankruptcy proceedings.
The contested exception is founded upon the twenty-ninth section of the bankrupt act, which enacts that “if the bankrupt, or any person in his behalf, has procured the assent of any creditor at any stage.of the proceedings, by any pecuniary consideration or obligation, his discharge shall not be granted.”
It alleges in substance that the bankrupts influenced the action of certain of their creditors by a pecuniary consideration, at that stage of the proceedings, when they made a proposition of composition. It is thus clearly within the terms of the section. Why, then, is it not sufficient in point of law to prevent the discharge of the bankrupts ? 'Two arguments are urged against this conclusion:
1. That the original bankrupt act contained no provision for composition, and that, therefore, the twenty-ninth section of the act is inapplicable to any act of the bankrupts touching a composition. While the several sections of the bankrupt law, as it now stands, were enacted at different times, that can make no difference in its construction as a whole. The sections of the act relating to composition were engrafted upon it as amendments, and hence are to be taken as parts of it, with like effect as if they had been incorporated with it in its original enactment; If, then, the terms are sufficiently general to embrace an act done to obtain a benefit provided by the amendments, the statute cannot be treated as inap *676 plicable merely because it and the amendments were not concurrently enacted. This is the result of well-settled principles of construction.
2. That a discharge by operation of an executed composition, and by a special order of the court, is the result of distinct proceedings, under different systems of bankruptcy, and that, therefore, the act alleged in the exception is no bar to an order discharging the bankrupt.
It is scarcely necessary to repeat what has been already «aid, that the bankrupt law does not provide “distinct systems” for the discharge of a bankrupt, but only alternative methods of attaining that result, in the same bankruptcy proceeding. The present ease exemplifies this. If the composition had been adopted, the objects of the act having been effectuated, the bankruptcy proceedings would have ended at that “stage;” as it failed, they have gone on regularly, without renewal or interruption, to their present “stage.”
It is said, however, that anything done at any time, in composition proceedings, cannot be called “any stage in the proceedings resulting in a decree for a discharge,” and hence that improper influence exerted to effect a composition cannot constitute the ground of an objection to a discharge by the court.
The error is in assuming that the collective relation between the bankrupt and a creditor must have reference to some matter or thing required to be done as conducive to the bankrupt’s discharge by the court. But this limitation of the effect of the twenty-ninth section of the act does not accord with its terms or its reason. It is broad enough-to cover every act of the bankrupt, of the defined character, touching any of the bankruptcy proceedings from their beginning, and it is intended to induce good faith on his part throughout their entire course. The benefits of the law are for those only who pursue them fairly,'according to its spirit and intent.
But, even in the narrow sense ascribed to the words of the section, the conclusion from it is unwarranted. A “ composition proceeding ” is “ a stage in the proceedings resulting in *677 a decree for a discharge.” It intercepts the progress of such proceedings, and supersedes the judicial scrutiny which any creditor may promote touching any of the matters specified as grounds of objections to a discharge. It is a decisive “ stage ” of the proceedings; and if the effort thus to arrest them is made with the collusive aid of creditors, why is not. the improper influence as much within the meaning of the law as if it had been employed to advance them? There is no-warrant in the words or reason of the law for such distinction.
I am, therefore, of opinion that the matters alleged in the objection to the discharge of the bankrupts are referable to a “stage in the bankruptcy proceedings” within the meaning of the twenty-ninth section of the bankrupt act, and that said objection was erroneously dismissed; and it is now ordered that the order of the district court dismissing said objection be reversed, and that the same be reinstated, to the end that the facts specified therein may be inquired into and determined, according to law.