### *In re* BJORNSTAD, Bankrupt.

*(District Court, W. D. Wisconsin.* January 26, 1881.)

1. COMPOSITION PROCEEDINGS—DISCHARGE.
  A discharge from all debts by means of composition proceedings is a discharge within the meaning of section 5116 of the Revised Statutes relating to the discharge of a voluntary bankrupt.—[ED.

In Bankruptcy. Application for Discharge.

*Rufus B. Smith,* for bankrupt.

*Lewis, Lewis & Hale,* for creditors objecting.

BUNN, D. J. From the stipulation of facts in this case it appears that the bankrupt filed his voluntary petition in bankruptcy, and was duly declared a bankrupt, and has paid a fraction over 15 per cent. of his debts, but has obtained the

consent in writing of a majority in number and value of his creditors to his discharge. It also appears that on a former occasion, in 1877, and prior to the filing of the petition and adjudication in this case, the bankrupt and one Martin Madson, as copartners, doing business under the firm name of J. Bjornstad & Co., filed their voluntary petition in this court to be declared bankrupts, and under and as a part of the proceedings in that case they obtained a composition with their creditors, which was confirmed by order of the court on April 10, 1877.

The question now, on this application for a discharge, is whether the case comes within the provision of section 5116, Rev. St., which is that "no person who has been discharged, and afterwards becomes bankrupt on his own application, shall be again entitled to a discharge, whose estate is insufficient to pay 70 per centum of the debts proved against it, unless the assent in writing of three-fourths in value of his creditors who have proved their claims is filed at or before the time of application for discharge."

It is claimed by the bankrupt that he has never been "discharged" within the meaning of the provision; but I am satisfied he has. The effect of the composition proceedings was to discharge him from all his debts,—as well those in favor of his creditors who were opposed to the composition as of those in favor of it. It is true, the discharge came by operation of law, and as the effect of the composition proceedings, rather than by any formal order of the court. But the result is the same. He was discharged from his debts, as a result of the bankruptcy proceedings, as certainly as though no composition had taken place, and he had been discharged by an order of the court at a later stage of those proceedings.

The purpose of section 5116 is to impose a stricter and additional requisition as a condition of a discharge in a case when the bankrupt coming in voluntarily, and filing his petition, has once before had the benefit of the bankrupt law, and by virtue of it been discharged from his obligations.

In such case, unless he pay 70 per cent. of the proved debts he must obtain the consent of three-fourths in value of

the creditors. The provision is a reasonable one, and in my judgment applies as certainly in a case like this as where the former discharge was by the order of the court. If he now obtains a discharge it will be his second discharge from all his debts by virtue of the bankrupt law.

The application for discharge is denied.