# LIEBKE & Another *v.* THOMAS.

ERROR TO THE ST. LOUIS COURT OF APPEALS IN THE STATE OF MISSOURI.

Submitted January 8, 1886.—Decided February 1, 1886.

Notice given to the holder and owner of an accommodation note, under § 17 of the act of June 22, 1874, of composition proceedings in bankruptcy by or against the payee and indorser for whose accommodation the note was given,

is notice of the original bankruptcy proceedings to the accommodation maker, and notice that the payee may be discharged thereby.

A lawful composition with creditors under § 17 of the act of June 22, 1874, and its performance by the party, has the effect of a discharge in bankruptcy.

This was an action by the maker of an accommodation note against the payee for whose accommodation it was made. Judgment for plaintiff below, which this writ of error was sued out to review.

*Mr. G. M. Stewart* for plaintiffs in error.

*Mr. Upton M. Young* and *Mr. Alexander Young* for defendant in error.

MR. JUSTICE MILLER delivered the opinion of the court.

This is a writ of error to the St. Louis Court of Appeals in the State of Missouri.

The defendant in error brought his action in the Circuit Court for the City of St. Louis against the plaintiffs in error, Liebke and Schrage. His petition alleged that on the 8th day of August, 1877, he executed and delivered to defendants, who were partners in trade, his promissory note, payable to their order, for the sum of $500, in three months after date. That the defendants sold said note to the Mullanphy Bank of St. Louis, to which plaintiff, on the 14th day of November, paid the amount of it, less a small sum credited on it as paid by defendants. The sum paid by plaintiff when he took it up from the bank was $435. He alleges that the note was made and delivered to defendants for their use and accommodation, and it was agreed that they would take care of and pay the same when it became due, and hold plaintiff harmless in regard to it.

He further alleges that defendants have failed and refused to pay him any part of said $435, and still refuse to do so, wherefore he prays judgment for the $435, with interest and costs.

The answer of defendants sets up an adjudication of bankruptcy against them October 13, 1877, a composition in bankruptcy under the act of Congress, duly agreed upon at a

meeting of the creditors, and confirmed by the court, in which compliance with the requirements of the law as to such composition is fully set out, and they plead this and the payment of the composition note in bar of the plaintiff's action.

A general denial was made for replication, and the case was tried by the court without a jury. The Circuit Court gave judgment for plaintiff, and, on appeal to the St. Louis Court of Appeals, this judgment was affirmed.

That court, in its opinion, found in 9 Missouri App. 424, bases its decision mainly on the proposition that Thomas, the present plaintiff, was entitled to notice of the composition meeting, and had no such notice.

The facts in the case are, that the composition proceedings took place before or about the time of the maturity of the note. The note was then the property of the Mullanphy Bank. This bank had notice of these proceedings, accepted the composition note of defendants for thirty per cent. of the amount of the debt, according to the terms of the composition, and received the money paid on that note. We think the bank was the owner of the note, the party entitled to be dealt with in the composition proceedings, to take part in them, and receive the money paid under them. All this it did.

Mr. Thomas must be held in law to have had notice of the original bankruptcy proceedings, and that the defendants might be discharged under those proceedings. If he preferred to take part in them rather than entrust the claim to the bank, he could have paid the note and set up his claim as provided in § 5070 of the Revised Statutes. He did not do this, but permitted the bank to represent that debt, which, as owner of it, it had a right to do, and to receive the composition money. Mr. Thomas has not been hurt by this; for there is no reason to believe that he would have successfully opposed the composition or received anything more under it than the bank did. It can hardly be held that Mr. Thomas stood in any better condition than a person liable for the bankrupt as bail, security, guarantee, or otherwise, who has not paid the debt. § 5070 Revised Statutes.

It is of the essence of the bankrupt law that when the bank-

rupt has complied with all the conditions of the statute and surrendered his property he should be released from all his debts, except those of a fiduciary character or founded in fraud, of which this is not one. And the case of *Wilmot* v. *Mudge*, 103 U. S. 217, decides that though no written discharge be granted, a lawful composition and its performance by the party has the same effect. That case holds that § 17 of the act of 1874, which governs this case, is a part of the bankrupt law, and the proceedings under it discharge all debts which can be discharged under the law, as to creditors " whose names and addresses, and the amount of the debts due to whom, are shown in the statement of the debtor produced at the meeting at which the resolution shall have been passed."

As evidence that it is the *holder* of the promissory note who is to be named in the schedule as one having the right to appear at the composition meeting, the statute 18 Stat. 182, § 17, says : " Where a debt arises on a bill of exchange or promissory note, if the debtor shall be ignorant of the holder of such bill of exchange or promissory note, he shall be required to state the amount of such bill or note, the date on which it falls due, the name of the acceptor and of the person to whom it is payable, and any other particulars within his knowledge respecting the same ; and the insertion of such particulars shall be deemed a sufficient description by the debtor in respect to such debt."

As the statute requires that the composition resolution to be valid " must be passed by a majority in number and three-fourths in value of the creditors of the debtor," the above mode of identifying the creditor and the amount of his debt shows that it is not indispensable that every person contingently interested in a debt of the bankrupt should have notice or take part in the composition proceedings.

It is argued that the liability of defendants to Thomas is not on the note, but on their promise to pay it at maturity. We cannot take this view of it. The note is the essential part of the transaction, and without its payment by Thomas he had no cause of action against defendants. They were both parties to the note and both liable on it to the bank who held it when it became due. Which was principal and which security could be

shown as between themselves by parol, and their liability to or for each other grew out of that transaction.

As parties to it the defendants brought it into bankruptcy that its holder might share in their assets or in the composition, and that they might then be discharged from any obligation on account of it.

The case is strikingly similar to that of *Hatch* v. *Hatch*, 28 Law Times, N. S. 506, Exch. Ch., in which a composition under the English bankrupt law was held to discharge the debt.

*The judgment of the St. Louis Court of Appeals is reversed, and the case remanded to that court for further proceedings in accordance with this opinion.*

*Liebke* v. *Thomas.* In error to the Supreme Court of Missouri. The same judgment is to be entered in case No. 635 of this court's docket, between the same parties, on a writ of error to the Supreme Court of Missouri, according to a stipulation consolidating the two cases for hearing in this court.