UNITED STATES ex rel. ADLER v. HAMMOND, Judge.[1]

(Circuit Court of Appeals, Sixth Circuit.   November 7, 1900.)

No. 869.

BANKRUPTCY—APPEALABLE ORDERS—REFUSAL TO CONFIRM COMPOSITION.

Under Bankr. Act 1898, § 25, subd. 2, allowing appeals from a court of bankruptcy to the circuit court of appeals "from a judgment granting or denying a discharge," an appeal lies from an order of a district court refusing confirmation of a composition tendered by a bankrupt, and accepted by the required number of creditors.  The right of appeal given by such section is reciprocal, and, as the confirmation of a composition discharges the bankrupt (section 14), opposing creditors clearly have the right to appeal from such an order, and the bankrupt has an equal right to appeal from an order refusing the confirmation.  Such an appeal, moreover, is within the spirit of the provisions for review, since the order in either case is a final termination of the composition proceedings which are provided for by the act as one of the methods for the settlement of the bankrupt's debts, and the effecting of his discharge from further liability thereon.

## On Petition for Writ of Mandamus to Compel Allowance of Appeal.

The petitioner, Adler, was adjudged a bankrupt upon his voluntary petition by the district court for the Western district of Tennessee on the 12th day of October, 1899.  With his petition he filed a schedule of his property, and a list of his creditors, as required by the bankruptcy act of 1898.  He was thereafter examined by the referee at a meeting of his creditors, and on December 8, 1899, he offered terms of composition to his general creditors, of whom 26 in number had proven claims in the sum of $8,336.  These creditors held a meeting, and 24 of them, representing claims to the amount of $6,062.75, accepted in writing the terms of composition offered.  One of the general creditors, whose claim amounted to about one-fourth of the unsecured indebtedness, objected to the acceptance of the composition.  The secured creditors, of whom there were three, filed their agreement to rely solely upon their securities. The appraisers found that the assets, after paying the debts secured thereby and deducting exemptions, amounted to $782.50.  The bankrupt deposited the amount necessary to pay the composition agreed upon, and the costs, expenses, and fees in a bank designated as a depository, and thereupon filed an application for the confirmation of the composition.  The matter was heard before a referee, who reported that the composition should be confirmed upon conclusions found by him, and on a subsequent order reported the facts upon the specifications of the objecting creditors relating to alleged fraudulent acts of the bankrupt, and his further finding that the specifications were not sustained.  The objecting creditor excepted to the referee's report.  Upon the hearing of these exceptions the court directed an order setting aside the report, refusing the confirmation of the composition, and requiring the bankrupt to pay the costs of the application.  Thereupon the bankrupt prayed an appeal to this court.  This was refused.  The ground of the refusal, as stated by the judge in a memorandum indorsed upon the petition for appeal, was as follows: "No appeal is allowable, in my judgment.  The refusal of an order confirming a proposed composition is not the refusal to grant a discharge meant by section 25, that comes when the bankrupt shall file his petition for discharge, if it be then refused.  The effect of a consent by a creditor to the composition, either that he joins in accepting it, or that which is enforced upon him if the composition be confirmed, may be to release the unpaid balance of the debt, but it is not, in fact or law, the discharge referred to in section 25."  The petitioner having applied to this court for a writ of mandamus requiring the judge of the district court to allow his prayer for an appeal, an order to show cause was issued and served.  The answer of the respondent is, substantially,

[1] Appeal and review in bankruptcy proceedings, see note to In re Eggert, 43 C. C. A. 9.

that the appeal was refused for the reason set forth in the memorandum copied above, namely, that the determination appealed from was not, in his opinion, the proper subject for an appeal, to which opinion he adheres, and thereupon he submits the matter to the judgment of the court, proffering ready observance when that shall be made known to him.

B. M. Jackson, for petitioner.
Thomas M. Scruggs, for respondent.

Before LURTON, DAY, and SEVERENS, Circuit Judges.

SEVERENS, Circuit Judge, having stated the matter as above, delivered the opinion of the court.

The single question presented for our determination is whether an appeal lies to this court from the order of the district court refusing confirmation of the composition tendered by the bankrupt and accepted by the requisite number of creditors, under the provision relating to appeals contained in subsection 2 of section 25 of the bankrupt act. The provision is "that appeals, as in equity cases, may be taken in bankruptcy to the circuit court of appeals of the United States * * * in the following cases, to wit: * * * (2) from a judgment granting or denying a discharge." The learned judge of the district was of opinion that it does not. His reasons are amplified in an elaborate opinion reported in 103 Fed. 444. Upon attentive consideration of the subject and of the reasons assigned by him, we are unable to agree to that conclusion. The general purpose of the act, so far as it relates to creditors, is that the assets of the debtor liable to be subjected to the payment of their dues shall be speedily collected and distributed to them in accordance with the equitable rules thereby prescribed. As concerns the bankrupt, the leading purpose is that, having surrendered to his creditors all his property subject to their demands, he shall be released from all further liability for his debts, and be given a clear field for future effort. The law prescribes that, after he has been adjudged a bankrupt, has been examined, and has filed a schedule of his property, and a list of his creditors, two methods of procedure are open, each of which is designed to accomplish the ends intended by the act. One of these is by the tendering of a certain sum to his creditors by the debtor in lieu of the amount which might ultimately be gathered from the assets, and their acceptance thereof. Obviously, this amount is contemplated as a sum which will be the equivalent of the assets which would be obtained by the other and more tedious course, for the creditors have the right to reject it. If they accept it, their object is satisfied, and it only remains to execute the purpose towards the bankrupt. This is done by the confirmation of the composition by the court, which is required to see that the nonassenting creditors are not wronged thereby; and the law declares that the confirmation shall have the effect to release or discharge the bankrupt. As was said by Mr. Justice Miller in Wilmot v. Mudge, 103 U. S. 217, 219, 26 L. Ed. 536, 538: "The composition proceeding is * * * one of the modes which the bankrupt law authorizes of releasing the debtor and securing to his creditors an equal share of his means." In Liebke v. Thomas, 116 U. S. 608, 6 Sup. Ct. 497, 29 L. Ed. 745, it was said to have been decided in Wilmot v. Mudge

"that, though no written discharge be granted, a lawful composition and its performance by the party has the same effect." See, also, Smith v. Morganstern (C. C.) 2 Fed. 674, per Judge McKennan; In re Bjornstad (D. C.) 5 Fed. 791, per Judge Bunn. If this course is not pursued, or proves abortive, the proceeding advances by the other method. The assets in specie are turned over to the trustee, who collects and converts them into money, and that is distributed to the creditors, who then get that which they would have reached by the former course, more or less, as it may turn out. Then, because the record does not show any formal declaration of the right of the bankrupt to be released, it is provided that he may obtain an order declaring that right. It is to be noted that the court is charged with the same duty whether it is sitting to determine whether a composition should be confirmed or where it is considering the propriety of a formal discharge, namely, to ascertain whether the conditions which the law prescribes have been complied with. This general survey may conduce somewhat to a clearer apprehension of the significance and essential character of the provisions with which we have to deal. The act provides an appeal from a judgment which grants or denies a discharge. The meaning of the word "discharge" is defined by section 1 to be "the release of a bankrupt from all of his debts which are provable in bankruptcy, except such as are excepted by this act." By section 14 it is declared that the confirmation of the composition shall discharge—i. e. release—the bankrupt from his debts, except those from which by the other method he is not discharged. The one "discharge" is the equivalent of the other for the purposes of the act, and both are covered by the same section of the act (14), which relates solely to that subject. Moreover, it is to be observed that in both methods the procedure is under the control of the judge. In the case of a composition, the nonassenting creditors are given the opportunity to contest the confirmation which is to operate as a discharge. It is against that consequence that the contest is directed. It is made because the nonassenting creditors are not satisfied that their claims shall be discharged by the payment of the amount tendered. Questions as important, perhaps, as any that may occur in bankruptcy proceedings may arise upon the hearing. If the composition is confirmed, the contesting creditors are cut off from any further consideration of the facts unless they can appeal. And so of the bankrupt. Whichever way the decision goes, it is the end of that endeavor of the debtor and the creditors to close the matter. To be sure, there is a power of revocation given to the court upon the petition of a party interested and proof of "fraud practiced in the procuring of such composition." Section 13. There is a like power given where a discharge in terms has been granted when "it shall be made to appear that it was obtained by the fraud of the bankrupt." Section 15. This still further illustrates the parallelism of the courses. It seems improbable that congress should have intended to deny an appeal while granting it upon a similar inquiry preliminary to a discharge in the ordinary course. Suppose the composition is confirmed, and the bankrupt is thereby discharged. Has the creditor no right of appeal? And it can scarcely be doubted that, if

the creditor has the right if confirmation is granted, the debtor would have the same right if it is refused. When the language of a statute is admissible of different constructions, it should be so construed as to make its provisions harmonious and consistent with each other, and most completely to secure the rights of all persons affected thereby. Black, Interp. Law, pp. 60, 61.

It is suggested by the learned judge of the district court in his published opinion, and again by counsel in his brief filed in opposition to the writ, that the bankrupt is not finally concluded by the judge's refusal of confirmation, but may still go on by the usual routine, and in the end be discharged, if he is entitled to be. But the law has given the right to this procedure, and the parties are entitled to this relief if they have complied with the conditions prescribed. It would be a clear denial of a substantial right if the court in a case where those conditions are shown to exist should stop the parties there, and turn them around to proceed in that which the court might think the more regular route. The opinion of the district judge exhibits disfavor towards those provisions of the act relating to composition, and the reasoning by which his conclusion is reached seems much influenced by a sense of obligation to so construe the statute as to subordinate those provisions to what is regarded as the preferable procedure. We do not think, however, that the discharge of the debtor by effecting composition with his creditors is so far contrary to the justice due to creditors as to require the court to resort to acute criticism to avoid the apparently proper construction of the act. A provision of this kind was first brought into bankruptcy proceedings in this country by amendment in 1874 of the act of 1867, and to some extent it became subject to the rule of limitation upon an amendment which changes the pre-existing law. Whatever influence that rule may have had upon the construction and operation of the then existing law, it can have no application to the present act. Each part of it should be construed and given effect in such a way as to promote and accomplish the general purpose of the act. The new course is the most expeditious, and in it the interests of all parties are safeguarded by the same court, guided by similar rules, and seeking to accomplish the same results, to the creditors as well as to the debtor, as are reached by the more prolonged, though more familiar, route. It seems to us that the giving the effect of a discharge to the order confirming a composition makes it the equivalent of an order in terms discharging the bankrupt, and that the right of appeal is given where either party considers himself aggrieved by the granting or refusing it, as the case may be, as well where the right accrues by reason of a composition as where the assets of the debtor are taken in hand by the trustee for distribution.

The fact that an application for the allowance of the appeal might be made to another judge is not a sufficient objection to the allowance of the writ. We think, therefore, the relator is entitled to the writ as prayed; but, as we have no reason to doubt that its actual issuance is quite unnecessary, it will be withheld until the further order of the court.