## ADLER v. JONES.

(Circuit Court of Appeals, Sixth Circuit.   July 2, 1901.)

### No. 930.

1. BANKRUPTCY—COMPOSITION—REFEREES.

Under Bankr. Act, § 38, par. 4, which empowers referees to perform such part of the duties, except as to questions arising out of the application of bankrupts for composition or discharge, as are conferred on courts of bankruptcy, questions arising out of an application for confirmation of a composition are addressed to the judge though he may require the referee to report the facts.

2. SAME—INTEREST OF CREDITORS.

The determination of the question whether a proposed composition is for the best interest of creditors depends on whether they would receive more or less under the composition than might reasonably be expected by the administration of the assets of the bankrupt in due course.

3. SAME—OPPOSING CONFIRMATION.

Where the requisite proportion of the creditors of a bankrupt have executed the composition agreement, opposing creditors should be required to enter their appearance, and file specifications in writing of the grounds of opposition similar to those required in opposition to a discharge.

4. SAME—APPEAL AND ERROR.

Where, on an application to confirm a composition of a bankrupt with his creditors, objections are filed, alleging that in contemplation of bankruptcy the bankrupt had voluntarily conveyed property more than sufficient in value to pay all his debts in full, and that an action had been commenced by a creditor to set aside such conveyance, and there is evidence reasonably tending to support such allegations, the order of the district judge, refusing to confirm the composition should not be reversed, since the judge should not confirm unless satisfied that the composition is for the best interests of the creditors.[1]

Appeal from the District Court of the United States for the Western District of Tennessee.

See 103 Fed. 444.

B. M. Jackson, for appellant.

Thos. M. Scruggs, for appellee.

Before LURTON, DAY, and SEVERENS, Circuit Judges.

DAY, Circuit Judge.   This case arises upon an application of J. G. Adler, bankrupt, for an order confirming a composition with his creditors, to which objections were filed.   Upon hearing, the district judge refused to confirm the composition, and this appeal is prosecuted from that order.   There is no question as to the regularity of the proceedings, and the approval of the composition by creditors sufficient in amount and number to meet the requirements of the statute.   Allowing exemptions and other liens upon the property, the appraisal shows the net value of the estate to be $770; the total indebtedness in unsecured claims being $8,336.   The composition offered was 17 per cent. of this indebtedness, and

[1] Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.

$1,698.42 was deposited by the bankrupt to pay the same, with costs and expenses of administration. The application for confirmation of the composition seems to have been twice before the referee in bankruptcy. On February 21, 1900, he reported in favor of the confirmation of the composition proceedings. On February 24, 1900, another reference was made to him to take proof and report findings upon the specifications of the objecting creditor. The referee again reported in favor of confirmation. Upon exceptions to the referee's report the district judge entered an order setting aside the report, and refusing a confirmation of the composition. The bankruptcy act of 1898, after making provision for composition, requires upon the application to confirm that the district judge shall be satisfied: First, that the composition is for the best interests of the creditors; second, that the bankrupt has not been guilty of any of the acts or failed to perform any of the duties which would be a bar to his discharge; and, third, that the offer and its acceptance are in good faith, and have not been made or procured except as provided in the act, or by any means, promises, or acts forbidden in the act.

In the disposition we shall make of this case, we have occasion to notice only the first requirement of the statute,—that the judge shall confirm the composition if satisfied that it is for the best interests of the creditors. This provision seems to have been adopted with little change from the bankruptcy act of June 22, 1874, amending the act of 1867. Under the former act, the court, in inquiring into the composition resolution, if satisfied that the same had been passed in accordance with the provisions of the act, and was for the best interests of all concerned, caused the resolution to be recorded, thereby giving the same validity and force. In the decisions under the former act the statutory requirement of ascertaining whether the composition was beneficial to the parties concerned was held to have placed a burden upon the court of instructing parties concerning their own interests. In Ex parte Jewett, 2 Low. 393, Fed. Cas. No. 7,303, Judge Lowell says: "In the absence of fraud and concealment, the question for the court seems to be, not whether the debtor might have offered more, but whether his estate would pay more in bankruptcy." Under the former act the courts were disposed to confirm the composition, in the absence of such manifest fraud, accident, or mistake, as would lead the court of its own motion to refuse to confirm, and require a hearing upon the objections appearing, and an explanation of suspicious and exceptionable circumstances. Where the requisite number of creditors had approved a composition, it was presumed that their action was for the best interest of all concerned, and the burden of attacking the composition was held to be upon the creditors interested. Ex parte Jewett, supra; In re Weber Furniture Co., 13 N. B. R. 559, Fed. Cas. No. 17,331. Under the present statute the same general rule should prevail. The action of the creditors intelligently and understandingly had should not be lightly interfered with, and the burden should be upon opposing creditors to show that the proposed composition is not for the best interest of all

the creditors. Loveland, Bankr. 556; Coll. Bankr. 147. Bankr. Act, § 38, par. 4, in defining the jurisdiction of referees, empowers them to perform such part of the duties, except as to questions arising out of the application of bankrupts for composition or discharges, as are by the act conferred on courts of bankruptcy. Questions arising out of application for confirmation of a composition are therefore addressed to the judge. He may doubtless require the referee to report the facts. Gen. Order Bankr. No. 12, 32 C. C. A. lvii., 89 Fed. xxxiii.; Coll. Bankr. 147. The determination of the question whether the composition is for the best interest of creditors, giving due weight to the action of creditors, doubtless turns upon the adequacy or inadequacy of the terms offered. Loveland, Bankr. 557. In speaking of the sum offered by way of composition in lieu of the amount which might be realized by the administration of the assets in bankruptcy, this court, speaking by Judge Severens in U. S. v. Hammond, 44 C. C. A. 229, 104 Fed. 862, says:

"Obviously, this amount is contemplated as a sum which will be the equivalent of the assets which would be obtained by the other and more tedious course, for the creditors have the right to reject it. If they accept it, their object is satisfied, and it only remains to execute the purpose towards the bankrupt. This is done by the confirmation of the composition by the court, which is required to see that nonassenting creditors are not wronged thereby; and the law declares that the confirmation shall have the effect to release or discharge the bankrupt."

It comes, then, to this: If the court is satisfied upon the hearing that the composition offered would pay creditors very considerably less than they might reasonably be expected to realize in the administration of the assets in due course, then the composition is not for the best interest of creditors. In determining this question, the courts will doubtless be influenced by the consideration that a man can ordinarily do better with his own property, and realize more therefrom, than can be obtained in course of judicial proceedings with compulsory sales and expense of administration. Except in the rare cases where the facts may warrant the court in ordering an investigation of suspicious circumstances of its own motion, opposing creditors should be required to enter their appearance and file specifications in writing of the grounds of opposition. Gen. Order Bankr. No. 32, 32 C. C. A. lxvii., 89 Fed. xliii. These specifications should be similar to those required in opposition to a discharge. Bank v. Doolittle (C. C. A.) 107 Fed. 236.

In determining the question whether the proposed composition is for the best interests of creditors the judge is vested with the exercise of discretion. It is, nevertheless, a sound judicial discretion. This court held in U. S. v. Hammond, supra, that an appeal lies from an order refusing a confirmation of the composition. While this is true, the judgment of the district judge should only be reversed where it is apparent that his judicial discretion has been abused. In this case the referee has twice reported that the composition is regular, for the best interests of creditors, and in his opinion that the exceptions should be overruled; but, as we have already seen, the act gives to the referee in this matter no right

or power of decision. The question is for the district judge. In this case he has determined upon the facts and testimony reported that the proposed composition is not, in his judgment, for the best interest of creditors. Are we warranted in disturbing that conclusion? The third specification of objection to the composition is as follows:

"(3) That on December 6, 1898, said bankrupt did convey to one Jas. Gallagher, trustee, of Shelby county, Tennessee, a large amount of real estate in said county, worth $8,000 and over; that said conveyances to Gallagher, as aforesaid, were made to secure a pretended loan by W. J. Gallagher and Jennie Breen to John G. Adler of $6,600; that said loan is a fabrication, and fraudulent, in this: that no money in fact was loaned, but said conveyances were made in contemplation of bankruptcy, and with intent to cheat, hinder, and delay creditors; that a bill is now pending in the chancery court of Shelby county, Tennessee (No. 11,128 R. D.), wherein Heber Jones is complainant, and John G. Adler, Jas. Gallagher, W. J. Gallagher, Jennie Breen, and Marguerite Gallagher are defendants, filed and attachment levied June 15, 1899, wherein it is sought to set aside and avoid said conveyance as covinous, and in fraud of creditors. Said bill will shortly be heard and determined; and, in the event said conveyances are avoided, a large amount of assets will be realized to the bankrupt's estate, and a sum sufficient to pay his debts in full, the trustee has asked to have himself made a party complainant, and prosecute said bill in the interest of the bankrupt's estate."

Upon this specification the referee reported, in substance, that the transactions were in good faith, and that the trustee in bankruptcy had no right to intervene in the pending case with a view to attacking the alleged fraudulent conveyances. The district judge was of a different opinion as to the right of the trustee to intervene to set aside these conveyances and to recover this property for the benefit of his trust. He also found that the proposed composition was not for the best interest of creditors. He must, therefore, have reached the conclusion that this specification was sustained in the probability that a large amount of assets would be realized to the estate, thereby enabling it to pay a much larger sum than the proposed composition. We have no question that the district judge was right in holding that the trustee might intervene to set aside these conveyances in the interest of the trust, and the record discloses that he has already taken steps so to do. It is apparent that, if these conveyances can be set aside, the estate will realize much more for the creditors than the proposed composition. In view of the judicial proceedings now pending, we do not deem it proper to enter into a consideration of the testimony disclosed in the record bearing upon the issues made upon the validity of these conveyances. It is enough to say, in the light of the testimony reported, that we are unable to conclude that the district judge, in the exercise of the judicial discretion vested in him by the statute, was unwarranted in holding the proposed composition not to be for the best interests of creditors. In this view of the case the order refusing to confirm the composition will be affirmed.