In re H. J. ARRINGTON CO.

(District Court, E. D. Virginia. February 13, 1902.)

1. BANKRUPTCY—COMPOSITION—CONFIRMATION—BEST INTERESTS OF CREDITORS—NATURE OF ASSETS—AMOUNT OFFERED—ACCEPTANCE.

Under Bankr. Act, § 12, subd. "d," providing that the judge shall confirm a composition, if satisfied that it is for the best interests of the creditors, and that the bankrupt has not been guilty of any acts or failure to perform any of the duties which would be a bar to his discharge,

and the offer and its acceptance are in good faith, and have not been made or procured except as in the statute provided, or by any means, promises, or acts therein forbidden, where a bankrupt's assets consisted of a stock of goods and accounts due in a country mercantile business, the estimated value of contracts for cutting and shipping cord wood, and real estate situated in the country, in the absence of any acts on the part of the bankrupt which would debar him of his discharge a composition of 25 per cent. on the dollar offered to the unsecured creditors, and accepted in good faith by 86 out of 89 of them, representing $11,170, as against only 1 opposing it, representing only $400, should, upon the recommendation of the referee, showing that there was no probability of the estate paying over 10 per cent. more than offered, be confirmed, as being for the best interests of the creditors.

2. SAME—OBJECTIONS—CORPORATIONS—DIVIDENDS—SUBSEQUENT CREDITORS—EVIDENCE.

An application for confirmation of a composition offered by a bankrupt corporation was opposed by one creditor upon the ground that the corporation, previous to the passage of the bankrupt act, had paid dividends which diminished its capital, and that the recipients of such dividends should, therefore, be compelled to pay them back. The evidence showed that, at the time of the payment of the dividends complained of, the corporation was very prosperous, and was able to pay such dividends without impairing its capital; that the dividends were declared in good faith by the board of directors; and that the objector's debt was contracted long thereafter. *Held*, that no case having been made which would justify the annulling of the action of the corporation in paying the dividends complained of, upon proper proceedings for that purpose, the objection to the confirmation could not be sustained.

Application in involuntary bankruptcy proceedings against the H. J. Arrington Company to confirm a composition offered by the bankrupt. To the report of the referee recommending the confirmation of the composition, the Greenesville Bank excepts. Composition confirmed.

Wolcott, Wolcott & Gage, for bankrupt Leo.

D. Yarrell, for exceptant.

WADDILL, District Judge. This case is now before the court upon application to confirm a composition of 25 per cent. offered by the bankrupt company to its unsecured creditors. Upon due notice being given of the application to confirm the proposed composition, one creditor (the Greenesville Bank of Emporia, Va.) appeared and opposed the same. The matter was referred to D. Lawrence Groner, Esq., referee in bankruptcy, who, after taking considerable evidence, reported, recommending the confirmation of the same; and, upon further exception, another reference was had, and a second report made, recommending the acceptance and confirmation of the composition, to which, likewise, the Greenesville Bank excepted.

The duty of the court in determining whether a composition should be approved or rejected is one of more than ordinary delicacy and difficulty, in this: that the court is called upon to determine what is best for the rights of parties on a subject about which they naturally feel equally as competent to deal as the court. The statute (Bankr. Act, § 12, subdiv. "d") provides:

"The judge shall confirm a composition if satisfied that (1) it is for the best interests of the creditors; (2) the bankrupt has not been guilty

of any of the acts or failed to perform any of the duties which would be a bar to his discharge; and (3) the offer and its acceptance are in good faith and have not been made or procured except as herein provided, or by any means, promises, or acts herein forbidden."

Under the evidence in this case, as viewed by the court, it will only be necessary to determine as to the first requirement of the statute; that is, whether the acceptance of the proposed composition will be for the best interests of the creditors. In passing upon this question under the bankrupt act of 1867, Judge Lowell, in Re Morris, 11 N. B. R. 443, Fed. Cas. No. 7,303, well said:

"A burden is cast upon the court that is not easily sustained,—of instructing parties concerning their own interests. In the absence of fraud and concealment, the question for the court seems to be not whether the debtor might have offered more, but whether the estate would pay more in bankruptcy."

And in a later case (In re Whipple, Fed. Cas. No. 17,513) the same learned judge, in discussing the propriety of a court's rejecting a composition, if opposed by a small minority of the creditors, because it appeared that a settlement in bankruptcy would be more for their interest, announced the rule to be that the judge must make his comparison, not with what the debtor might possibly have done, but, rather, with what the assignee in bankruptcy could do. In commenting on this rule, Mr. Justice Brown, of the supreme court, then United States district judge for the Eastern district of Michigan, in Re Weber Furniture Co., Fed. Cas. No. 17,330, said:

"I am entirely content with this view of the law, and, indeed, I hardly see how any other construction can be placed upon the words 'being satisfied that the same is for the best interests of all concerned.'"

In this same case, in which the composition was rejected by the district court, and subsequently approved by the circuit court, Mr. Justice Brown, in discussing the subject of the court's approving the action of the creditors where taken after full consideration, further said:

"But where a composition deed has been signed by a large majority of the creditors upon a full consideration of the condition of the debtor, I should be very reluctant to overrule their judgment simply because I thought the estate would yield a larger dividend in bankruptcy. Much would depend upon the character of the property and the state of the markets. In the case above cited Judge Lowell intimated 'that a difference of five per cent. upon the amount of the debts and the probable amount of the assets would not be sufficient to induce me to reject the resolution.' I would go even further than that, and say that where the property consisted of real estate or of goods, the value of which depended upon the caprices of fashion, or other like contingencies, I would not overrule the discretion of the creditors, fairly exercised, if the difference were ten or even fifteen per cent."

In the circuit court, on appeal, in the same case (Fed. Cas. No. 17,331), the English and American cases upon the subject were fully reviewed, and the opinion there expressed, as deduced from them, that the decision of the majority of the creditors was conclusive as to the amount of compromise, when such judgment on their part was exercised in good faith, and there was nothing to indicate fraud, accident, or mistake.

The question of the approval or rejection of compositions under the present bankrupt law has been under review by the courts several times,—noticeably by the circuit court of appeals for the Fifth circuit, in Bank v. Doolittle, 5 Am. Bankr. R. 736, 46 C. C. A. 258, 107 Fed. 236, and in the circuit court of appeals for the Sixth circuit in Adler v. Jones, 6 Am. Bankr. R. 245, 48 C. C. A. 761, 109 Fed. 967. In the last-named case, Judge Day, speaking of whether the composition should be accepted or not, said (page 248, 6 Am. Bankr. R., page 763, 48 C. C. A., and page 969, 109 Fed.):

"It comes, then, to this: If the court is satisfied upon the hearing that the composition offered would be very considerably less than they might reasonably expect to realize in the administration of the assets in due course, then the composition is not for the best interest of the creditors. In determining this question the court will doubtless be influenced by the consideration that a man can ordinarily do better with his own property, and realize more therefrom, than can be obtained in course of judicial proceedings, with compulsory sales and expenses of administration."

Reference may be also had to Coll. Bankr. (3d Ed.) 148; Loveland, Bankr. 556.

In the case under consideration, of the bankrupt's unsecured creditors, eighty-six out of a number of eighty-nine, and representing an indebtedness of $11,170.88, have accepted, and ask for confirmation of, the composition; and only one creditor, with a debt of $400, opposes it. The referee, who heard and saw the witnesses, and devoted considerable time to the case, twice reports in favor of the acceptance of the composition of 25 cents on the dollar of the indebtedness, offered by the bankrupt to the unsecured creditors. He also reports that it is probable that an amount something larger —sufficient, possibly, to pay as much as 30 or 35 per cent. of said debts—may be realized from the assets of the bankrupt estate, though this he considers problematical only. Under these circumstances, the court should be very slow to reject the composition, and to place its judgment against that of the creditors themselves, acting with practical unanimity, and particularly in dealing with assets of the character involved here, made up of accounts due in a country mercantile business, a stock of goods, wares, and merchandise in such store, the estimated value of contracts for cutting and shipping cord wood, and real estate situated in the country. Nothing could well be more doubtful than a correct estimate of just what would be realized from this class of property when subjected to the crucial test of realizing upon it by legal proceedings. The bankrupt has not been guilty of any improper conduct in connection with the composition, nor committed any of the acts or failed to perform any of the duties which would debar him of his discharge; and the offer appears to have been made and accepted in good faith, and not had or procured by any of the means, propositions, or acts forbidden by the statute.

Counsel for the exceptant raises the further question that the bankrupt corporation in the year 1897, prior to the passage of the bankrupt law, declared certain dividends, and paid the same to three of its stockholders, contrary to law, and, in effect, took that much money from its capital, as contradistinguished from its profits, and for that reason insists that these persons, then holding stock in the company,

should, by proper suit instituted for the purpose, be required to pay back the amount thus received by them out of the assets of the company; and he also raises various technical questions affecting the payments as made. This exception presents at least the prospect of lengthy litigation, if not an increase of assets; and, as viewed by the court, the exceptant has failed to make out such a case as would justify the annulling of the particular transactions referred to upon proper proceedings had for that purpose. The place of business of the corporation was in the country, and its transactions were doubtless not conducted with the formality, regularity, and ceremony that would have been adopted by larger concerns in populous cities; but the transaction complained of, so far as the evidence shows, seems to have been conducted in substantial compliance with the law. At the time of the payment of the dividends referred to, the corporation was very prosperous, had on hand a large surplus, and was able to pay the dividends declared without impairing its capital; and with the action of the board of directors, taken in good faith at the time, complaint should not now be had, and that by creditors whose debts have long since been contracted. They have certainly no moral, if a legal, claim against the persons referred to. Mor. Priv. Corp. §§ 446, 467.

It follows from what has been said that, in the opinion of the court, it will be for the best interest of the creditors to accept the offer of composition, and an order will be accordingly entered confirming the same.