### In re HOXIE et al.

(District Court, D. Maine. July 2, 1910.)

BANKRUPTCY (§ 384*)—COMPOSITION.

Under Bankr. Act July 1, 1898, c. 541, § 12d, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3427), the approval of the majority of creditors of an offer of composition is evidence, prima facie, that the composition is for the best interests of the creditors; and the burden is upon those who attack the composition.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 384.*]

Proceedings in bankruptcy in the matter of Charles E. Hoxie and another, individually and as partners. Confirmation of an offer of composition denied.

Williamson & Burleigh, for objecting creditors.
Albert S. Woodman and Norman L. Bassett, for bankrupts.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

HALE, District Judge. The bankrupts were duly adjudicated on the 15th day of March, 1910, upon an involuntary petition filed February 26, 1910. At the first meeting of creditors, claims of 44 creditors, amounting to $9,146.59, were filed. Claims of certain other creditors, duly scheduled, have not yet been presented for allowance. Appraisers have been appointed, and have filed their report, showing the value of the assets of the bankrupts to be: Real estate, $5,300, which is under mortgage for more than that amount; personal property, $4,481.95. The appraisers report that the basis of their valuation is partly at cost price and partly at possible selling value. After the bankrupts filed their schedule and were examined they offered a composition at the rate of 15 per cent. A majority in number of all the creditors whose claims have been allowed, namely, 29 creditors, representing $5,362.06, have accepted in writing the offer of composition. The referee reports the above facts. He recommends that the composition will be for the best interests of the creditors; that it is made in good faith, and not procured by any means, promises, or acts prohibited by the bankrupt law; and that the bankrupts have not been guilty of any act, or of any failure in duty, which would be a bar to their discharge. He also assigns certain reasons which have influenced him in coming to his conclusion.

It is provided by section 12d of the bankruptcy act of 1898 (Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427]) that the judge shall confirm a composition if satisfied (1) that it is for the best interests of the creditors. There being no question of the bankrupts having been guilty of any act or of any failure in duty which would be a bar to their discharge, and the offer and acceptance having been in good faith, the single question before the court is whether or not the confirmation of the composition is for the best interests of all the creditors.

The English rule appears to be that the approval of the majority of the creditors to the offer is final. Under our statute such approval is evidence, prima facie, that the composition is for the best interests of the creditors; and the burden is upon those who attack the composition. The same rule prevailed under the bankruptcy act of 1867 (Act March 2, 1867, c. 176, 14 Stat. 517). In Ex parte Jewett, 2 Low. 393, Fed. Cas. No. 7,303, Judge Lowell said:

"In the absence of fraud and concealment, the question for the court seems to be, not whether the debtor might have offered more, but whether his estate would pay more in bankruptcy."

Substantially the same issue is before the court under the present act. Adler v. Jones, 109 Fed. 967, 48 C. C. A. 761; Adler v. Hammond, 104 Fed. 862, 44 C. C. A. 229; In re Waynesboro Drug Co. (D C.) 157 Fed. 101.

Certain creditors object to the confirmation of the composition, and file specifications of objections. The examination of the bankrupts, and all papers relating to the estate, are before me. It is for the court to determine whether the nonassenting creditors have met the burden of showing that the offer of composition is inadequate, and that a substantially larger sum may reasonably be expected to result

from the administration of the assets under the regular course of bankruptcy proceedings. A sum less than $1,500 is required to carry out the offer of composition. The appraisal shows assets amounting to about $4,500. The learned counsel for the bankrupts urge that the evidence shows the appraisal to be largely in excess of the available value of the property. It is not necessary to discuss in detail the different views taken by counsel touching this matter, or the testimony relating to it. It is in evidence that since the adjudication the business of the bankrupt firm continues to be carried on, and that many of the creditors who have accepted the offer continue to supply the bankrupts with goods, and to do business with them. It is urged that they are willing to accept the offer for the reason that their profits in future from the conduct of the business will fully repay them for their losses in bankruptcy. I do not esteem it to be my duty to discuss the evidence in detail, or to decide what induced the assenting creditors to assent. The bankruptcy law does not make their decision conclusive, but only prima facie. Their assent does not relieve the court from passing on the question whether the composition is for the best interests of all the creditors. This question is addressed to the judicial discretion of the court, and from its conclusion either party may appeal. Adler v. Hammond, supra.

Upon a careful review of the examination of the bankrupts, the schedules, and all the evidence before me, I cannot avoid the conclusion that the nonassenting creditors have met the burden of showing that the acceptance of the composition will not be for the best interests of all the creditors. The whole testimony leads me to the conclusion that the assets should produce nearly double the offer of 15 per cent. It is with hesitation that I come to a conclusion opposed to that of the painstaking and competent referee, who assigns some very good reasons for coming to his conclusion. Some of the reasons which he assigns, however, are not tenable, and would enlarge the inquiry beyond its legitimate scope.

The offer of composition is not confirmed.