FLEISCHMANN & DEVINE, Inc., et al. v. SAUL WOLFSON DRY GOODS CO., Inc.

(Circuit Court of Appeals, Fifth Circuit. May 1, 1924. Rehearing Denied May 28, 1924.)

No. 4267.

1. **Bankruptcy ⊗⊐455—Order confirming composition appealable by creditor.**
   Under Bankruptcy Act, §§ 14, 25 (Comp. St. §§ 9598, 9609), creditor may appeal from order confirming composition, since such order has effect of discharging debtor.

2. **Bankruptcy ⊗⊐460—Creditor, appealing from order confirming composition, need not join other creditors.**
   Any contesting creditor may appeal from order confirming composition, without joining other creditors; interest of one creditor being separate from others.

3. **Bankruptcy ⊗⊐384—Evidence held to show confirmation of composition, not for best interests of creditors.**
   Where alleged bankrupt's cash on hand, in bank, and presently obtainable was sufficient to pay costs of proceeding, debts entitled to priority in full, and nearly 60 per cent. of other debts, it was not for best interests of creditors to confirm composition paying ordinary creditors 40 per cent.

4. **Bankruptcy ⊗⊐384—To warrant confirmation of composition, court must be satisfied it is for best interests of creditors.**
   Under Bankruptcy Act, § 12c (Comp. St. § 9596), to warrant confirmation of composition, court must be satisfied it is for best interests of creditors, and it is not for their best interests if it would pay them considerably less than they might reasonably expect to receive from administration of assets in due course.

5. **Bankruptcy ⊗⊐114(1)—Court fully empowered to protect creditors' interest by appointing receivers.**
   Under Bankruptcy Act, § 2 (Comp. St. § 9586), court is fully empowered to protect creditors of alleged bankrupt by appointing receivers and depriving him of ability to jeopardize their interests by retaining possession of and continuing to use assets.

Appeal from the District Court of the United States for the Western District of Texas; Duval West, Judge.

⊗⊐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal by Fleischmann & Devine, Inc., and others, from an order confirming a composition offer made by Saul Wolfson Dry Goods Company, Inc. Order reversed, and motion to dismiss appeal denied.

Henry A. Hirshberg and W. H. Kennon, both of San Antonio, Tex., for appellants.

John Sehorn and S. C. Eldridge, both of San Antonio, Tex. (Frank C. Davis, S. C. Eldridge, and John Sehorn, all of San Antonio, Tex., on the brief), for appellee.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

WALKER, Circuit Judge. Before an adjudication on an involuntary bankruptcy petition against the appellee, Saul Wolfson Dry Goods Company, a corporation, the appellee offered terms of composition to its creditors. After that offer had been accepted by a majority in number and amount of creditors, and after the required deposit of money (Bankruptcy Act, § 12b [Comp. St. § 9596]) had been made, the appellee filed an application for the confirmation of the composition. In response to that application objections were made in writing by some of the creditors. After a hearing by the court on such application and the objections thereto, an order confirming the composition was made. This appeal is by creditors, who joined in making the above-mentioned objections. So far as appears, none of the money so deposited has been disbursed; the order appealed from remaining unexecuted.

The appellee moved to dismiss the appeal. The ground relied on to support that motion is the failure to make parties to the appeal the consenting creditors or a sufficient number of them to insure an effective representation of their interests. The decision in the case of Marshall Field & Co. v. Wolf & Bro. Dry Goods Co., 120 Fed. 815, 57 C. C. A. 326, is relied on by the appellee in this connection. The facts of that case differ from those of the instant one in that most of the creditors in that case had been paid in pursuance of the composition offer before the appeal was taken, while the composition now in question has not been carried out to any extent.

In the case of In re Gottlieb, 262 Fed. 730, the Circuit Court of Appeals for the Second Circuit overruled a motion similar to the one now in question, the court in its opinion stating the conclusion that there is no general rule that consenting creditors, or a representative fraction of them, are necessary parties respondent in proceedings like the present one. The contest which resulted in the order appealed from was between appellee on one side and objecting creditors on the other side. In that contest the consenting creditors aligned themselves with the appellee.

[1, 2] A creditor is entitled to appeal from an order confirming an offered composition because the enforcement of such order has the effect of granting a discharge to the debtor. Bankruptcy Act, §§ 14, 25 (Comp. St. §§ 9598, 9609); United States v. Hammond, 104 Fed. 862, 44 C. C. A. 229; In re Bay State Milling Co., 223 Fed. 778, 139 C. C. A. 598. Any contesting creditor or creditors may appeal without join-

ing other creditors, as the interest of one creditor is separate from that of others. Winters v. United States, 207 U. S. 564, 28 Sup. Ct. 207, 52 L. Ed. 340. The question of granting or refusing a discharge is one between the debtor and the creditors severally. It is not disclosed that the consenting creditors have interests different in kind from those of the opposing creditors. It seems that the interests of the creditors as a whole are adequately represented by those who have joined in the appeal. The offered composition being as yet wholly unexecuted, a reversal of the order appealed from will not prejudicially affect the claims or position of the consenting creditors. So far as that order adversely affects the interests of the appellants it is in favor of the appellee alone, it being the sole maker of the offer dealt with by that order. Other creditors have no such interest in the question of the enforcement or discharge of the debts owing by the appellee to the appellants as to require the making of such other creditors or any of them parties to the appeal. The motion to dismiss the appeal is denied.

[3] The appellee was incorporated in September, 1922, and took over the assets and assumed the liabilities of a firm, composed of Saul Wolfson and his three sons, which for many years had been engaged in the mercantile business in San Antonio. Its capital stock of $100,-000 represented the difference between the assets and the liabilities of the partnership to which it succeeded. At and prior to the date of the filing of the involuntary petition in bankruptcy in September, 1923, it was owned and managed by Saul Wolfson (then over 90 years of age and too infirm to take an active part in the business), and his two sons, Abe S. Wolfson and Emil Wolfson. The schedules filed by the alleged bankrupt showed total assets amounting to $274,-750.93, $46,390.27 of which was cash on hand and in bank, and debts amounting to $213,129.47. The appellee offered to make a composition with its creditors on the following terms: That it would pay (1) all costs of the proceeding; (2) all debts entitled to priority in full; and (3) 40 per cent. in cash of all other allowed claims. The special master to whom was referred the matter of the proposed composition reported his acceptance of a deposit of $87,500 as an amount deemed sufficient to cover the offer made.

On the hearing by the court of the issues raised by the composition offer and the objections thereto, it was disclosed that parties whose ability to comply with their offers was not impeached by any evidence offered $90,000 in cash for the scheduled assets other than the cash on hand and in bank. The following was also disclosed: The appellee remained in possession of its assets and continued the carrying on of its mercantile business and to pay to Saul Wolfson as president a salary of $1,500 per month, and rent at the rate of $25,000 a year for premises leased to him for the sum of $17,000 a year, and to Abe S. Wolfson and Emil Wolfson each a salary of $150 per week. Appellee made known that it would contest the involuntary bankruptcy petition and many of the claims presented if the offered composition was not confirmed and carried out.

[4] The cash on hand and in bank and the cash presently obtainable for the other assets amounted to enough to pay the costs of the pro-

ceeding, debts entitled to priority in full, and nearly 60 per cent. of the other debts. This state of facts persuasively indicates that it was not to the best interests of the creditors to confirm the offered composition, under which the creditors not entitled to priority would be paid only 40 per cent. of the debts owing to them. To warrant a judge in confirming an offered composition he must be satisfied that it is for the best interests of the creditors. Bankruptcy Act, § 12c (Comp. St. § 9596). The confirmation of an offered composition is manifestly not for the best interests of the creditors if it would pay them considerably less than they might reasonably expect to realize in the administration of the assets in due course. Adler v. Jones, 109 Fed. 967, 48 C. C. A. 761. The remarks made by the District Judge preceding the announcement of his conclusion that the composition should be confirmed plainly indicate that threatened contests by the debtor and the prospect of it remaining in possession of the assets and carrying on the business as it has been carried on while such contests were pending were regarded as controlling considerations in favor of a confirmation of the composition. It fairly appears that the action of the court was influenced by an unwarranted assumption of its lack of power to protect the interests of creditors during the pendency of threatened contests.

[5] The court's powers, including the power to appoint receivers and to have the business of the alleged bankrupt conducted by receivers, (Bankruptcy Act, § 2 [section 9586]), enable it so far to safeguard the interests of creditors as to deprive the debtor of the ability to jeopardize those interests by retaining possession of its assets and continuing to use them with a generosity towards its stockholders which is not warranted by the condition of its affairs and is inconsistent with a proper regard for its obligations to its creditors. It is not to be denied that, if the court had found from the evidence adduced that the creditors might reasonably expect to realize from the administration of the assets in due course, an amount sufficient to pay them considerably more than 40 per cent. of the debts owing to them, such finding would not properly have been subject to be set aside on appeal. There is good ground for inferring that the court's failure to make such a finding was attributable, in part, at least, to its according undue influence to threatened efforts by the debtor to obstruct and delay the application of its assets to the payment of its debts. We think that the record warrants the conclusion that the court, in becoming satisfied that the offered composition was for the best interests of the creditors, accorded undue weight to the consideration of the anticipated difficulties of enforcing the just claims of creditors, and underestimated the efficiency, under existing conditions, of legal means available to prevent the success of unwarranted obstructive tactics on the part of the debtor.

With assets in sight and within reach of the court's process, consisting of cash and what was presently convertible into cash, with the result of creating a cash fund of about $140,000 belonging to the debtor, action by the court having the effect of enabling the debtor to obtain a discharge from all its debts by paying $87,500 and to withhold from its creditors more than $50,000 in cash, well may be regarded as evidencing the court's failure properly to exercise its discretion. A con-

clusion to that effect is reinforced by the disclosure that the court's action was influenced by its failure to give due recognition to rights and remedies given by the law to creditors for their protection and the enforcement of their demands. In the situation dealt with that failure was error in law prejudicial to the appellants. Our conclusion is that the record discloses such error as calls for a reversal of the order appealed from. That order is.

　Reversed.