In the Matter of **BRUCE HUNT OF ALBANY CORP.**, Debtor (Bankrupt).

No. 40868.

United States District Court
N. D. New York.
Aug. 12, 1958.

Raphael, Searles, Levin & Vischi, New York City, for debtor. Thomas J. Burns, New York City, of counsel.

Jack Goodman, Arthur J. Harvey, Albany, N. Y., for objecting creditors.

FOLEY, District Judge.

This petition for review of a decision and order of Referee Ryan dated July 31, 1958, was brought on hurriedly by the issuance of an order to show cause. The original form and intent of such order to show cause submitted by the attorneys for the debtor was for a stay, but because of the apparent need for quick decision such order was transformed into one for a hearing on the merits of the petition for review.

By his written decision the referee dismissed the petition for arrangement under Chapter XI, 11 U.S.C.A. § 701 et seq., filed by the debtor corporation, adjudicated the Company a bankrupt and ordered that bankruptcy be proceeded with under the general provisions of the Bankruptcy Act. The Bruce Hunt of Albany Corporation conducts a retail clothing store in the City of Albany and since July 31, 1958, the date of the Referee's decision and order, the duly appointed trustee in bankruptcy has closed the store and taken possession of the stock and fixtures.

The basis for the decision of the Referee and his refusal to confirm the proposed plan of arrangement is the provision in Section 366(2) of the Act (11 U.S.C.A. § 766(2)) that such arrangement must be "for the best interests of the creditors". He was not so satisfied after prolonged hearings and conferences held before him for a period of several months. The offer finally made by the debtor in the arrangement proceeding was 15% of an indebtedness of $47,830. The debtor computes this percentage as about $8,000, although my computation makes it closer to $7,000. But accepting the figure of the debtor, there still is shown by the record an appreciable advantage in my judgment to be gained in dollars and cents for the creditors from straight bankruptcy. Collier on Bankruptcy, Vol. 8, 14th Ed. page 1167.

The prime asset of the debtor corporation is the fixtures and clothing stock in the store. At the time of the Referee's decision, one offer for such stock was in the amount of $10,000. At the hearing before me on August 11, 1958, an affidavit was submitted by the trustee containing a signed offer in the amount of $12,500. Such offer was not an exclusive or binding one upon the trustee or Referee, and there is the possibility that more may be obtained at the final sale of the stock and fixtures. The same affidavit sets forth the bank account of the debtor corporation as of August 11, 1958 in the sum

of $4,288.96 and assures that current debts have been paid. Even taking a minimum of $16,000, which appears reasonably definite to be obtained from liquidation, such amount would be a substantial gain to the creditors over the arrangement offer of 15%.

It is true that the majority in number and amount of the creditors accepted the plan but this is not conclusive. In re Krieger & Co., Inc., D.C., 40 F.Supp. 340, 341; Collier on Bankruptcy, Vol. 8, 14th Ed. pages 1167–1168. In this instance there is slight difference in amount between the accepting and objecting creditors, and the claims of the objecting creditors are very substantial. The attorneys for the debtor now see phantoms of other debts that might diminish the amount to be obtained in bankruptcy, but this belated fear seems mainly an afterthought with little presentation, if any, of such problems to the Referee.

The older cases search for the guide of a substantially larger sum reasonably expected from straight bankruptcy (In re Hoxie, D.C., 180 F. 508, 509), or composition offer very considerably less, or considerably less, than bankruptcy liquidation would effect. In re Spiller, D.C., 230 F. 490–492; Fleischmann & Devine, Inc., v. Saul Wolfson Dry Goods Co. Inc., 5 Cir., 299 F. 15. I think these tests support the determination of the Referee. The difference, and it is not too speculative but fairly certain, is substantial and large. It seems like very simple arithmetic to me. The costs of administration have been estimated accurately and it is clear that the liquidation may be effected without undue complications in the not too distant future.

My review of the record convinces me that the Referee, after painstaking consideration, made an informed, independent and allowable judgment that should not be disturbed. Collier, Vol. 8, 14th Ed., page 1167. His appraisal and expertness in these matters are entitled to great weight.

In my judgment his decision that confirmation of the plan was not in the best interests of creditors is fully supported by the evidence.

This petition to review is denied and dismissed. The order of the Referee dismissing the petition for arrangement and adjudging the debtor a bankrupt is confirmed in all respects.

It is so ordered.