## ROSS v. SAUNDERS.

(Circuit Court of Appeals, First Circuit. January 10, 1901.)

No. 345.

BANKRUPTCY—COMPOSITION—CONFIRMATION—APPEAL—PARTIES.

A bankrupt whose application to have a composition confirmed was not formally opposed by creditors cannot appeal from a decree of refusal; there being a want of parties, as the question is merely between the court and the bankrupt.

Appeal from the District Court of the United States for the District of Massachusetts.

Wm. Henri Irish, for appellant.

Calvin P. Sampson (Charles W. Bartlett and Eldridge R. Anderson, on the brief), for appellee.

Before COLT and PUTNAM, Circuit Judges, and WEBB, District Judge.

PUTNAM, Circuit Judge. The appellant in this case was duly adjudicated a bankrupt in accordance with the act approved on July 1, 1898. After adjudication, and after a discharge had been granted him pursuant to section 14, pars. "a," "b," he offered a composition, having in all respects complied with the terms of the act. Thereupon the bankrupt applied to the court to confirm the composition.

We do not in this case consider the effect of the fact that a discharge had been granted before the proceedings in composition were commenced. The court refused to confirm the composition. There is enough in the record from which we may infer that it was not satisfied that the composition was for the best interests of the creditors. No creditor appeared formally in opposition. The trustee, as trustee, appeared and opposed the confirmation, and was permitted to do so, although he was not made a party to the record. He offered in evidence an informal paper, signed by certain creditors who had assented to the composition, withdrawing their assent; and this paper was taken under consideration by the court. The court refused to confirm the composition, notwithstanding no creditor appeared in opposition thereto. All these matters are laid by the appellant as irregularities; and he also asks us to consider the case on its merits, although it is evident that we have before us only a very small portion of the facts which were within the control of the district court.

We are met at the threshold, however, with a difficulty arising in respect to the parties to this appeal. The appeal was taken against the trustee, and the citation issued to him, and to no other person. There is no law authorizing any person to become a party to this proceeding, except the bankrupt and his creditors. The statute directs notice to the latter, and to no other person; and general order 32 (32 C. C. A. xxxi., 89 Fed. xiii.) provides for their appearance, and for no other. There is nothing in the statute or in the general orders which authorized the trustee, as trustee, to interfere in this proceeding, beyond furnishing such information concerning the estate under his charge, and the administration thereof, as might be requested, which duty is expressly imposed on him by law. Neither is there anything which justifies the trustee in defending this appeal at the expense of the estate, or in his capacity as trustee. The English statutes in bankruptcy provide expressly that a trustee may appeal from an order of confirmation. Under those statutes the official receiver becomes the ad interim trustee, and stands quasi trustee until the trustee proper is appointed. Therefore he has the same relation to a question of composition which the trustee has, but he is not expressly authorized by the statutes to appeal. Consequently, in Ex parte Reed, 17 Q. B. Div. 244, 258, an official receiver was somewhat sharply told that he ought not to appear on the hearing of an appeal of this character unless the court required him to do so. In that particular case it was held that he ought not to have appeared, and his costs were refused, although the composition was set aside. This is in accordance with the ordinary rule that a stakeholder stands equal between the parties concerned, and should not interfere in litigation unless required to do so by the court which has jurisdiction over him.

These matters, of course, ought not, of themselves, to bar the appellant if the trustee had been, in substance, made a party to the record; but they lead up to the proposition that in a matter of an application for a composition the bankrupt has no right of appeal. Whether or not the composition shall be confirmed depends not

merely on the question whether the bankrupt has conformed to the statute in all respects, or on whether creditors have appeared in opposition, but also on whether the judge in bankruptcy, acting in his capacity as general administrator or general trustee, is satisfied that it is for the best interests of the creditors that it should be. On this particular matter there may be no opportunity for an issue, or for parties to an issue, because the judge in bankruptcy may be required, as general administrator or general trustee, to protect the interests of all concerned, including not only those creditors who may not be represented, but even those who are.

Although the English statutes confer broader powers on the court with reference to confirming compositions than our statute, and authorize it to look further than to the mere questions whether the bankrupt has complied with the terms of the statute, and whether the composition is for the best interests of the creditors, yet the expressions of the judges administering those statutes throw light on the nature of this system, which was adopted by the United States from England, and therefore presumably adopted with the same spirit as it possessed in its place of origin, except so far as our statute has otherwise expressly provided. In Re Burr [1892] 2 Q. B. Div. 467, 472, Lord Esher remarked with reference to a proceeding in composition, "I have said before that in bankruptcy cases the court has very often to protect creditors against themselves." In Ex parte Reed, already referred to, in commenting on the restrictions which parliament had placed around compositions, he observed at page 250 that creditors are generally utterly careless, and write off their debts as bad, and agree to terms which give some possibility, an evanescent chance, of their getting something out of the wreck. He also observed at page 251 that, because of this known behavior of creditors, parliament had enacted restrictions with reference to compositions, "taking away from the majority of creditors that power which they had so recklessly and carelessly used, and putting a controlling power into the hands of the court for the purpose of protecting the creditors against their own recklessness." If it is desired to follow this topic further, Williams, Bankr. (7th Ed.) 65–67, and the notes there found, show how broad is the discretion which the English courts have exercised in matters of this nature. All this illustrates the substance of what we have said,— that on a refusal to confirm a composition the issue may be between the bankrupt and the court, as often happens in administering estates in bankruptcy, so that it is in no form to make proper parties to an appeal, as understood in the practice of the federal courts.

With reference to the ordinary application for a discharge, there are proper parties to the controversy if it be refused, because the court is required to grant it unless creditors appear in opposition, and an issue is made by them and is sustained against the bankrupt. It has no discretion in the matter. It is true that, although the question whether the judge in bankruptcy is satisfied that the composition is for the best interests of the creditors involves discretion, it is always to be exercised judicially. In re Farmers' Loan & Trust Co., 129 U. S. 206, 215, 9 Sup. Ct. 265, 32 L. Ed. 656. This, however,

does not necessarily imply that, for the proper exercise of this discretion, there must be a formal issue and parties thereto. The fact, therefore, that it may properly happen that, when an application to confirm a composition is refused, there may be no issue duly framed, with parties thereto, leads to the conclusion that the statute does not intend to grant a bankrupt a consequent right of appeal. It is true that under the present act the action on the composition, if confirmed, operates to discharge the bankrupt from all his debts except those otherwise specified; and in this particular the statute is unlike the earlier ones. Therefore it may well be said that now the confirming or the refusing to confirm a composition constitutes a "judgment granting or denying a discharge," as the case may be, and that either comes within the general letter of the provision for appeals. Nevertheless, in this, as in all other cases where the general language of an instrument or statute applies to two or more subject-matters, it must always be construed distributively if the elements of the various subject-matters so require.

The fundamental right of the bankrupt under the statute is to surrender all his assets and obtain his discharge. The fundamental right of the creditor is to have all the assets of the bankrupt applied to his debt, subject to his obligation to submit to a discharge when they have been thus applied. Either party seeking more than this appeals to the equitable discretion of the court; so that, when the bankrupt asks a surrender of his assets on any terms whatever, he is not within such legal right as affords him legal grounds of complaint, even if he be refused under circumstances where his application might well have been granted. The considerations to which we have called attention—especially the views of the English courts as found in Re Burr, ubi supra, and Ex parte Reed, ubi supra, and in Williams, Bankr. (7th Ed.) 65–67, and notes—show how completely the confirming of a composition is, so far as the bankrupt is concerned, a mere matter of grace, so that its refusal in no way prejudices his condition, or deprives him of any substantial right with reference to which the law should be eager to seek out a remedy by appeal. Of course, as we have already said, the discretion to be exercised by the district court in matters of composition is judicial; and, if any irregularities occur in reference thereto which raise a question of law, it is not improbable that the bankrupt is entitled to apply in that behalf to the revisory powers of the circuit court of appeals, on a summary petition.

On the other hand, the creditor, who is fundamentally entitled to the application of all the assets to his debt, may well claim just ground for further relief by appeal if the bankrupt is allowed to withdraw his assets by virtue of a composition, except under such facts and in accordance with such sound judicial discretion as accord with the best interests of the creditors. When a creditor comes into the district court to maintain that proposition, he becomes a party to the record in the manner directed by general order 32 (32 C. C. A. xxxi., 89 Fed. xiii.), and an issue is framed; and, if his objections are overruled, it is not an unreasonable construction to hold that a just right is involved, which comes within both the letter and

the spirit of the provision giving an appeal when a discharge is granted. However this may be, and without undertaking to pass on the right of appeal against an order confirming a composition, we are clear that the bankrupt has no corresponding right. If there have been any irregularities in the proceedings in the court below of a serious character, he must look for his remedy in some other direction.

The circuit court of appeals for the Sixth circuit, in an opinion in U. S. v. Hammond, 104 Fed. 862, held that an appeal lies in favor of a bankrupt from an order refusing the confirmation of a composition. In that case, however, there were objecting creditors, and an issue made, and so proper parties to an appeal. Therefore, notwithstanding the disposition which we have to follow decisions of circuit courts of appeals in other circuits, it is apparent that U. S. v. Hammond is not practically applicable to the facts of this appeal. It is possible that, if the court in the Sixth circuit had had before it the precise record which we have, it would have stopped before reaching its conclusions. However, as it is apparent that we have no proper parties before us, it would be impracticable for us to follow the decision in the Sixth circuit.

The appeal is dismissed, without costs to either party.