### In re KUFFLER.

(Circuit Court of Appeals, Second Circuit. December 10, 1903.)

1. BANKRUPTCY—ORDERS REVIEWABLE BY APPEAL—DISMISSAL OF APPLICATION FOR DISCHARGE.

An order of a court of bankruptcy dismissing an application for discharge for want of prosecution is, in substance and effect, one denying a discharge, and is reviewable by appeal under section 25a of the bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432]), and not by a petition for revision under section 24b.

Appeal from the District Court of the United States for the Southern District of New York.

In Bankruptcy. On petition to revise in matter of law an order of the District Court.

I. L. Bamberger, for petitioner.
Benjamin Tuska, for respondent.

¶ 1. Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.

Before LACOMBE and TOWNSEND, Circuit Judges, and HOLT, District Judge.*

PER CURIAM. The bankrupt filed a petition for discharge on November 22, 1899. Petitioning creditors filed specifications in opposition thereto on February 28, 1900, and the whole matter was on that day referred to a referee. Nothing further was done in the matter until September 30, 1903, when creditors presented to the court a petition asking that the petition for discharge be dismissed for want of prosecution. This application was opposed by the bankrupt, but decision was adverse to him, and an order was entered on October 13, 1903, directing "that the application and proceedings of the said Adolf Kuffler herein for his discharge be, and the same are hereby, dismissed." It is sought to review this order by a petition for review under section 24b, Bankr. Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432].

The provisions of the section cited refer to cases not provided for by appeal. Section 25 allows appeals to be taken in bankruptcy proceedings as in equity cases "from a judgment granting or denying a discharge." The determination of the court below dismissing the application for discharge when so long a time had elapsed that said application could not be reviewed was, in substance and effect, a judgment denying a discharge. As such it can be reviewed only by appeal.

The motion to dismiss is granted.