In re FRIEND et al. TALLCOTT v. FRIEND et al. PONTOOSUC WOOLEN
MFG. CO. v. SAME.

(Circuit Court of Appeals, Seventh Circuit. January 3, 1905.)

Nos. 1,087, 1,088.

1. BANKRUPTCY—JUDGMENT CONFIRMING COMPOSITION—MODE OF REVIEW.

By virtue of Bankr. Act July 1, 1898, § 14c (30 Stat. 550, c. 541 [U. S.
Comp. St. 1901, p. 3428]), which provides that "the confirmation of a
composition shall discharge the bankrupt from his debts, other than those
agreed to be paid by the terms of the composition, and those not affected
by a discharge," a judgment confirming a composition is a judgment
granting a discharge, reviewable by appeal under section 25a (30 Stat.
553 [U. S. Comp. St. 1901, p. 3432]).

2. SAME—MODE OF REVIEW.

Bankr. Act July 1, 1898, §§ 23, 24, 25 (30 Stat. 552, 553, c. 541 [U. S. Comp.
St. 1901, pp. 3431, 3432]), establish a clear distinction between proceed-
ings in bankruptcy and controversies at law and in equity arising in the
course of bankruptcy proceedings, and also, in connection with Act March
3, 1891, creating the Circuit Courts of Appeals (26 Stat. 826, c. 517 [U. S.
Comp. St. 1901, p. 547]), prescribe the manner in which judgments or or-
ders in each class of cases are reviewable, and such particular mode is
exclusive. A judgment or decree in a controversy at law or in equity
arising in bankruptcy proceedings is reviewable by the Circuit Court of
Appeals under its organic act, and section 24a, by appeal or on writ of
error, as may be appropriate, while a judgment or order in a proceeding
in bankruptcy, if one of those specifically enumerated in section 25a, is
reviewable only by appeal, and, if not within such excepted cases, unless
rendered on a jury trial, can only be reviewed on original petition as pro-
vided in section 24b.

[Ed. Note.—Appeal and review in bankruptcy cases, see note to In re
Eggert, 43 C. C. A. 9.]

Petitions to Review and Revise an Order of the District Court
of the United States for the Northern District of Illinois, in Bank-
ruptcy.

On motion to dismiss.

The petitioners seek to have this court review and revise in matter of law
certain rulings which culminated on May 7, 1904, in the confirmation of a
composition offered by the bankrupts. The petitioners prayed and were al-
lowed an appeal, but failed to perfect it. On May 17, 1904, they filed these
petitions. The bankrupts interpose a motion to dismiss for want of jurisdic-
tion.

The following sections of the bankruptcy act are referred to in the opinion:

"Sec. 14c. The confirmation of a composition shall discharge the bankrupt
from his debts, other than those agreed to be paid by the terms of the com-
position and those not affected by a discharge."

"Sec. 23a. The United States Circuit Courts shall have jurisdiction of all
controversies at law and in equity, as distinguished from proceedings in
bankruptcy, between trustees as such and adverse claimants concerning the
property acquired or claimed by the trustees, in the same manner and to the
same extent only as though bankruptcy proceedings had not been instituted
and such controversies had been between the bankrupts and such adverse
claimants."

"Sec. 23b. Suits by the trustee shall only be brought or prosecuted in the
courts where the bankrupt, whose estate is being administered by such trus-
tee, might have brought or prosecuted them if proceedings in bankruptcy had
not been instituted, unless by consent of the proposed defendant, except suits
for the recovery of property under section sixty, subdivision 'b,' and section
sixty-seven, subdivision 'e.'"

"Sec. 24a. The Supreme Court of the United States, the Circuit Courts of Appeals of the United States, and the Supreme Courts of the territories, in vacation in chambers and during their respective terms, as now or as they may be hereafter held, are hereby invested with appellate jurisdiction of controversies arising in bankruptcy proceedings from the courts of bankruptcy from which they have appellate jurisdiction in other cases. The Supreme Court of the United States shall exercise a like jurisdiction from courts of bankruptcy not within any organized circuit of the United States and from the Supreme Court of the District of Columbia."

"Sec. 24b. The several Circuit Courts of Appeals shall have jurisdiction in equity, either interlocutory or final, to superintend and revise in matter of law the proceedings of the several inferior courts of bankruptcy within their jurisdiction. Such power shall be exercised on due notice and petition by any party aggrieved."

"Sec. 25a. That appeals, as in equity cases, may be taken in bankruptcy proceedings from the courts of bankruptcy to the Circuit Courts of Appeals of the United States, and to the Supreme Courts of the territories, in the following cases, to-wit, (1) from a judgment adjudging or refusing to adjudge the defendant a bankrupt; (2) from a judgment granting or denying a discharge; and (3) from a judgment allowing or rejecting a debt or claim of five hundred dollars or over. Such appeal shall be taken within ten days after the judgment appealed from has been rendered, and may be heard and determined by the appellate court in term or vacation, as the case may be."

Bankr. Act July 1, 1898, c. 541, 30 Stat. 550, 552, 553 [U. S. Comp. St. 1901, pp. 3428, 3431, 3432].

Horace Kent Tenney and David Campbell, for petitioners.
S. O. Levinson, for respondents.

Before GROSSCUP and BAKER, Circuit Judges, and BUNN, District Judge.

BAKER, Circuit Judge (after stating the facts). By virtue of section 14c, Bankr. Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428], a judgment confirming a composition is a judgment granting a discharge. United States ex rel. Adler v. Hammond, 104 Fed. 862, 44 C. C. A. 229; Ross v. Saunders, 105 Fed. 915, 45 C. C. A. 123; Marshall Field & Co. v. Wolf Dry Goods Co., 120 Fed. 815, 57 C. C. A. 326; Wilmot v. Mudge, 103 U. S. 217, 26 L. Ed. 536.

So the question becomes this: Has a party who feels himself aggrieved by a judgment rendered by the court without the intervention of a jury, granting the bankrupt a discharge, his choice between presenting the matter for review by original petition and by appeal?

The Supreme Court, so far as we are advised by counsel and our own researches, has not furnished an explicit answer.

Looking to the bankruptcy act, in connection with the Evarts act of March 3, 1891, c. 517, 26 Stat. 826 [U. S. Comp. St. 1901, p. 547], creating the Circuit Courts of Appeals, we have reached the following conclusions, which, as premises, in turn, require the result that these petitions be dismissed, namely:

That section 23 (30 Stat. 552 [U. S. Comp. St. 1901, p. 3431]) establishes a clear distinction between "proceedings in bankruptcy" and "controversies at law and in equity arising in the course of bankruptcy proceedings"; the former, broadly speaking, covering

questions between the alleged bankrupt and his creditors, as such, commencing with the petition for adjudication, ending with the discharge, and including matters of administration generally, such as appointments of receivers and trustees, sales, exemptions, allowances, and the like, to be disposed of summarily, all of which naturally occur in the settlement of the estate; and the latter, broadly speaking, involving questions between the trustee, representing the bankrupt and his creditors, on the one side, and adverse claimants, on the other, concerning property in the possession of the trustee or of the claimants, to be litigated in appropriate plenary suits, and not affecting directly the administrative orders and judgments, but only the question of the extent of the estate.

That the same distinction is maintained in section 24a (30 Stat. 553 [U. S. Comp. St. 1901, p. 3431]), on the one hand, and sections 24b and 25a (30 Stat. 553 [U. S. Comp. St. 1901, p. 3432]), on the other.

That section 24a gives, if the grant be necessary in view of section 6 of the act of March 3, 1891, c. 517, 26 Stat. 828 [U. S. Comp. St. 1901, p. 549], this court appellate jurisdiction of controversies at law and in equity between trustees and adverse claimants, to be invoked by writ of error or by appeal, as may be appropriate.

That section 24b confers upon this court "jurisdiction in equity" to revise in matter of law "proceedings in bankruptcy," to be invoked by original petition.

That section 25a confers upon this court jurisdiction in equity to review in matter of law and fact three specific "proceedings in bankruptcy," to be invoked by appeal within ten days.

That if, in any "proceeding in bankruptcy," a trial by jury be had under section 19, a review in this court cannot be entertained under section 24b or section 25a, because those sections confer only jurisdiction in equity, and not jurisdiction at law; that a review cannot be held under section 24a, because that section relates exclusively to "controversies," as distinguished from "proceedings"; and that, if a review lies, it must come by writ of error under the act of March 3, 1891.

That, in "controversies" involving the rights of those not directly concerned in the settlement of the estate, the right of review should be extended to six months, under or in analogy to the act of March 3, 1891.

That "proceedings in bankruptcy," involving directly the settlement of the estate, should be disposed of promptly, even if not always summarily, and the right of review should be limited to 10 days, under or in analogy to section 25a.

In this way all "controversies" and all "proceedings" are reviewable under one or another provision that is specifically applicable. But the very fact that specific methods are provided for specific situations is conclusively indicative to our minds that Congress did not intend that an aggrieved party should be at liberty to disregard the course definitely opened for him, and to choose some other that might better suit his inclination or convenience. There is no evi-

dence of an intent, for example, to jumble up writs of error with appeals. Why should an inference be entertained that original petitions to review and appeals were intended to be interchangeable at the election of the suitor? The matters now sought to be presented for review are "proceedings in bankruptcy" on the equity side of the bankruptcy court. Section 24b, on its face, applies, and, if it were not for section 25a, would in fact undoubtedly apply, to all "proceedings in bankruptcy" on the equity side. The intention is expressed that the review of these summary orders and judgments shall not extend to an examination of the correctness of the facts, but only to the law applied to the facts on which the court admittedly acted. Then section 25a excepts three specific "proceedings in bankruptcy" from the general rule, one of them being the proceedings set forth in these petitions. These three matters were deemed of such importance in the settlement of the estate that a special review was provided for by appeal, in which law and fact—either or both—could be determined. The petitioners admit that, if their desire had been to have a review of the facts, they would have been compelled to perfect their appeal under section 25a. But an appeal, the facts on which the court acted being unchallenged, presents only matter of law. That these petitioners felt themselves aggrieved only in matters of law is therefore not influential in determining whether they should proceed under 24b or 25a. What is determinative, in our judgment, is that their grievance arose from a matter that was excepted from the operation of section 24b by reason of being selected from the general class of "proceedings in bankruptcy" for special treatment in section 25a

The result is re-enforced, we think, by the consideration that, if a discharge through a composition is sought to be set aside on review, the trial court should in advance be apprised of the aggrieved party's intention (as is the case by prayer for appeal, as is not by original petition filed here), to the end that the composition money, the creditors and the bankrupt may be kept in court, and the aggrieved party required to file there a bond to pay all damages occasioned by his appeal. These petitioners prayed an appeal, which was granted on condition that they file a bond. This they failed to do. For aught we know, the court, on seeing that the appeal was abandoned, and while the aggrieved parties were prosecuting their original petitions for review without bond and without the knowledge of the trial court, may have let the creditors carry off the composition money to all parts of the world. The petitions show that there are 196 assenting creditors, scattered from New York to Oregon. These creditors have not come nor have they been brought here, the petitioners merely asking us to frame and cause to be served such a notice "as this court may direct." The motion to dismiss is presented by the bankrupts.

That the method of review provided for in section 25a must be pursued in the cases therein named is explicitly decided in In re Good, 99 Fed. 389, 39 C. C. A. 581, and in In re Kuffler, 127 Fed. 125, 61 C. C. A. 259. See, also, Loveland on Bankruptcy (2d Ed.) pp. 809, 816.

This court, in In re Rouse, Hazard & Co., 91 Fed. 96, 33 C. C. A. 356, reviewed on orginal petition an order regarding the priorities of certain claims, but the question of the rightfulness of the judgments of allowance was not involved. It was said:

"If the controversy coming before us was with respect to the merits of the several claims of these labor claimants, we should be wholly without jurisdiction, for there is neither an appeal, nor does the amount allowed to any one claimant exceed the sum of $500."

It may, perhaps, be fairly said that the implication is this: "A judgment allowing or rejecting a debt or claim of $500 or over" is reviewable, in equity, only under section 25a; but an order establishing the priorities of allowed claims, irrespective of the amounts of the several claims, or a judgment allowing or rejecting a debt or claim of less than $500, is a "proceeding in bankruptcy," reviewable in equity in matter of law, under section 24b, because not excluded therefrom by section 25a.

The petitioners contend, however, that we are precluded from standing in line with the above-cited decisions in the Second and Eighth Circuits, by reason of certain Supreme Court decisions. And they cite Elliott v. Toeppner, 187 U. S. 327, 23 Sup. Ct. 133, 47 L. Ed. 200, and Plymouth Cordage Co. v. Smith, 194 U. S. 311, 24 Sup. Ct. 725, 48 L. Ed. 992. We have examined these and other Supreme Court decisions—many more than we deem necessary to cite—and find nothing that prevents, but, on the contrary, much that supports, the construction we have given to the sections concerning appellate jurisdiction in the bankruptcy act of 1898 and the Courts of Appeals act of 1891. In Bardes v. Hawarden Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175, the distinction between "controversies at law and in equity between trustees and adverse claimants" and "proceedings in bankruptcy" is dwelt upon; and in Holden v. Stratton, 191 U. S. 115, 24 Sup. Ct. 45, 48 L. Ed. 116, it is said that this distinction "is recognized in sections 23, 24, and 25 of the present act, and the provisions as to revision in matter of law and appeals were framed and must be construed in view of that distinction." In Bardes v. Hawarden Bank, 175 U. S. 526, 20 Sup. Ct. 196, 44 L. Ed. 262, and in Elliott v. Toeppner, 187 U. S. 327, 23 Sup. Ct. 133, 47 L. Ed. 200, the necessity of construing the appellate sections of the bankruptcy act in connection with the fifth and sixth sections of the judiciary act of March 3, 1891, is pointed out. In Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405, a summary order on the bankrupt's agent to turn over to the trustee certain of the bankrupt's moneys which were in the agent's possession was held to be a "proceeding in bankruptcy" reviewable under section 24b by the method therein prescribed. In Louisville Trust Co. v. Comingor, 184 U. S. 18, 22 Sup. Ct. 293, 46 L. Ed. 413, Comingor, assignee by appointment of a state court, had received moneys from the insolvent's estate which he claimed were his as commissions earned prior to the filing of the creditors' petition in bankruptcy. Thus Comingor was a stranger to the "proceedings in bankruptcy," and an adverse claimant. The subject-matter constituted a "controversy between the trustee and an adverse claim-

ant," reviewable under section 24a, as declaratory (see Duncan v. Landis, 106 Fed. 839, 45 C. C. A. 666) of a probably existing right, under section 6 of the act of March 3, 1891, c. 517, 26 Stat. 828 [U. S. Comp. St. 1901, p. 549]. Nevertheless Comingor was summarily brought in and ordered to turn over to the trustee the amounts to which he asserted an adverse right. To get rid of the erroneous holding that he was subject to summary proceedings, he was compelled to resort to the summary review provided for in section 24b. Though entitled to plenary proceedings, reviewable by a plenary appeal, he could not get a decision to that effect by taking a plenary appeal under section 24a from a summary "proceeding in bankruptcy." In Elliott v. Toeppner, 187 U. S. 327, 23 Sup. Ct. 133, 47 L. Ed. 200, the alleged bankrupt demanded a jury under section 19. The jury returned a verdict of not guilty, whereon the court entered a "judgment refusing to adjudge the defendant a bankrupt." The petitioning creditors appealed under section 25a to the Circuit Court of Appeals for the Sixth Circuit. That court asked the Supreme Court whether the appeal could be entertained. The Supreme Court answered no. Now, the judgment in question, as a mere judgment, is expressly named in section 25a. But the judgment was rendered on the law side of the trial court, and appeals, which alone are provided for in section 25a, cannot be used to review judgments at law. While the decision is merely the negative answer to the specific question, the implication seems to be that such a case may possibly be reviewed on writ of error by a Circuit Court of Appeals under the organic act. In Plymouth Cordage Co. v. Smith, 194 U. S. 311, 24 Sup. Ct. 725, 48 L. Ed. 992, it appears that the District Court of Kingfisher county, Okl., took certain "proceedings in bankruptcy" on the equity side, which the aggrieved parties sought to have reviewed by the Circuit Court of Appeals for the Eighth Circuit on original petition under section 24b. In view of the jurisdiction conferred upon the Supreme Court of the territory in sections 24a and 25a, the Circuit Court of Appeals inquired of the Supreme Court whether it had jurisdiction to review on original petition under section 24b "proceedings in bankruptcy" in equity which were not included in section 25a. The Supreme Court answered yes, saying:

"Congress may well have believed it wisest that the Circuit Courts of Appeals should deal in this summary way with questions of law arising in the progress of bankruptcy proceedings in the territorial courts, although jurisdiction by appeal or writ of error (under the territorial organic acts), and by appeal as provided (in sections 24a and 25a), was vested in the Supreme Courts of the territories." (The words in the parentheses are ours.)

If an inferior territorial court enters one of the judgments in bankruptcy proceedings on the equity side which are specifically named in section 25a, is it conceivable that Congress designed that the aggrieved party should have his choice, not merely between methods of review, but also between forums?

The petitions are dismissed.

JENKINS, Circuit Judge, did not sit at the hearing, but, at our request, considered the subject with us in consultation, and we are authorized by him to say that he fully concurs in the foregoing opinion.