## SMITH v. MEANS.

### (Circuit Court of Appeals, Seventh Circuit. October 2, 1906.)

### No. 1,194.

1. BANKRUPTCY—MODE OF REVIEW—ADVERSE CLAIM TO PROPERTY.

A proceeding, on a petition filed by an adverse claimant to recover property from a trustee in bankruptcy, is not a proceeding in bankruptcy, but a "controversy arising in bankruptcy proceedings," and is reviewable by appeal under Bankr. Act July 1, 1898, c. 541, § 24a, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432].

2. SAME—EVIDENCE CONSIDERED.

A finding against an adverse claimant of property in possession of a trustee in bankruptcy, made by a referee who heard the witnesses and affirmed by the District Court, held sustained by the evidence.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Appellant filed his petition alleging that he was the owner and entitled to the possession of a certain steam shovel, which prior to the adjudication had been in the possession of the bankrupt and was since held by the trustee, and praying that the trustee be ordered to surrender possession. The findings of the special master, adverse to petitioner, were approved by the court. Appellee has filed a motion to dismiss the appeal.

F. L. Salisbury, for appellant.

Edwin Terwilliger, Jr., and E. C. Ferguson, for appellee.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

BAKER, Circuit Judge. 1. The motion to dismiss is predicated on the assumption that this is a "proceeding in bankruptcy" and reviewable only under section 24b or 25a. Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432]. On the contrary, it is a "controversy arising in bankruptcy proceedings," and the appeal was properly taken under section 24a. In re Friend, 134 Fed. 778, 67 C. C. A. 500.

2. The steam shovel was originally purchased from the makers by Bracey, Howard & Co., was in use by the partnership in construction work in Ohio, and with other construction appliances was under chattel mortgage to appellant. Later the bankrupt corporation was organized and succeeded to the property rights of the partnership. The corporation, desiring to take into Indiana the appliances which at that time were covered by a, writ of attachment also, secured the dismissal of the attachment and the release of the mortgage, and the property was removed into Indiana and there used by the corporation. So much is established beyond question by the pleadings and proofs. The claim on behalf of appellant is that, when he released the mortgage, the shovel and some other items were sold and delivered to him, an agreed amount credited on the debt, and other security given for the balance. The master found that in fact neither the title to nor possession of the shovel was transferred to appellant. The question is whether the report of the master, on which the decree appealed from

is based, is sustained by the state of the evidence. The master was in the best position to judge of the weight and credibility of the testimony, which was given orally before him, and his finding, approved by the District Court, should not be disturbed by us, unless it appears that an obvious mistake was made in the consideration of the evidence. Crawford v. Neal, 144 U. S. 585, 12 Sup. Ct. 759, 36 L. Ed. 552. Appellant had the burden of proving title and right of possession. Bracey, president of the bankrupt, was the only witness respecting the alleged arrangement with appellant. His testimony, taken with all inferences most strongly in favor of appellant, was to the effect that at Aurora, Ill., appellant's home, he gave appellant new security for the part of the debt that was not canceled by the transfer of property at agreed values; that, for the price then paid by the cancellation of so much of the debt, he (for his company) orally transferred the title to the shovel and other items to appellant; that appellant sent an agent to Ohio to invoice the property and take possession thereof (which, inferentially, was done); that appellant leased the shovel to witness's company; that appellant through an agent put a sign on the shovel "Leased from C. H. Smith"; and that the company's subsequent possession was as lessee. But in other parts of Bracey's examination, and in the testimony of other witnesses, there was ample basis for finding that Bracey was not in Ohio at the time of the alleged delivery of possession, that no agent of appellant came and took possession, that the bankrupt had continuous possession and control of the shovel, and that the sign was put on, if at all, so that appellant might claim the shovel in case attachments were issued. Testimony of the vice president, the secretary, and a director of the bankrupt that they knew nothing of the alleged sale, and that the shovel was listed with other property as a basis for credit, had to be put in the master's balance against the president's statement that there was a sale. Conflicts among appellant's witnesses as to the wording, size, and materials of the sign, together with the testimony of appellee's witnesses that in Indiana there was neither a sign nor traces thereof on the shovel, raised the question whether there had been a sign even while the shovel was being taken out of Ohio.

Complaint is made of the admission of Bracey's declarations out of court, without the proper foundation being laid therefor. The master's finding shows that it was not based at all upon this testimony, and the court in considering the exceptions is presumed to have acted only upon the competent evidence.

The decree is affirmed.