In re RAPHAEL.

HAFFENBERG v. CHICAGO TITLE & TRUST CO.

(Circuit Court of Appeals, Seventh Circuit. July 27, 1911.)

No. 1,355.

1. BANKRUPTCY (§ 306*)—REVIEW OF DECREE—REMEDY.

An appeal lies from a decree of a federal District Court in bankruptcy requiring a bankrupt's attorney to account for a payment received in contemplation of bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 306.*

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

2. BANKRUPTCY (§ 293*)—PROCEEDINGS BY TRUSTEE—NATURE.

A petition by a bankrupt's trustee to compel the bankrupt's attorney to account for moneys claimed to have been paid in contemplation of bankruptcy falls within Bankr. Act July 1, 1898, c. 541, § 23b, 30 Stat. 552 (U. S. Comp. St. 1901, p. 3431), as amended, requiring suits by a trustee to be brought in a court where bankrupt might have sued except for his bankruptcy, in the absence of consent of defendant, being in effect a plenary proceeding as distinguished from a proceeding in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 293.*]

3. BANKRUPTCY (§ 293*)—PROCEEDINGS BY TRUSTEE—"CONSENT."

"Consent," within Bankr. Act July 1, 1898, c. 541, § 23b, 30 Stat. 552 (U. S. Comp. St. 1901, p. 3431), as amended, which requires suit by a trustee in bankruptcy to be brought in certain courts in the absence of defendant's consent, means consent to the tribunal in which the controversy is to be carried on, and not to the mode of procedure, which is regulated by general principles of law, unless other provision is made.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 293.*

For other definitions, see Words and Phrases, vol. 2, pp. 1437–1441; vol. 8, p. 7612.]

4. BANKRUPTCY (§ 293*)—PROCEEDINGS BY TRUSTEE—"CONSENT."

Where proceedings brought in a federal District Court by a trustee in bankruptcy were plenary in substance, though summary in form, defendants by answering and going to hearing, without objecting to the court's jurisdiction, consented within Bankr. Act July 1, 1898, c. 541,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

§ 23b, 30 Stat. 552 (U. S. Comp. St. 1901, p. 3431), as amended, which requires suit by a trustee in bankruptcy to be brought in certain courts, in the absence of defendant's consent.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 293.*]

5. BANKRUPTCY (§ 304*)—PAYMENTS TO ATTORNEYS—REVIEW.

Under Bankr. Act July 1, 1898, c. 541, § 60d, 30 Stat. 562 (U. S. Comp. St. 1901, p. 3446), which permits determination in bankruptcy of the reasonableness of an attorney's fee paid by a debtor in contemplation of bankruptcy, the question cannot be determined in a plenary proceeding brought under section 23b as amended to require a bankrupt's attorney to account for a payment claimed to have been received in contemplation of bankruptcy, where the pleadings raise no issue as to the reasonableness of the payment as a fee.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 304.*]

Appeal from the District Court of the United States for the Northern District of Illinois, Eastern Division.

In the matter of Robert Raphael, bankrupt. From a decree requiring C. B. Haffenberg to make a payment to Chicago Title & Trust Company, trustee, Haffenberg appeals. Reversed.

See, also, 179 Fed. 1020, 102 C. C. A. 665.

On February 28, 1906, the Chicago Title & Trust Company of Chicago, as trustee of the estate of said bankrupt, filed its petition in the District Court for the Northern District of Illinois, Eastern Division, setting out, among other matters, that the bankrupt, shortly before the filing of the petition upon which his adjudication was had, made certain illegal disposition of his property, aggregating $1,500 or $5,100 approximately, to his wife, Bertha Raphael, which eventually came to the possession of Messrs. Gann, Peaks & Haffenberg, or said Haffenberg, for the purpose of effecting a settlement with Raphael's creditors. These latter and certain others are made respondents to the petition. This money, the petitioner charges, belongs to the bankrupt estate, and asks that the same be turned over to him as trustee. On answer duly filed denying that the moneys belonged to the bankrupt's estate, and setting up a settlement with said Bertha Raphael, the cause was referred to the referee as a special master to take the evidence and report his conclusions to the court. The special master, on June 14, 1906, reported his finding, so far as this hearing requires, that said trustee should take the sum of $1,250, a part of said fund, which sum, he says, "would satisfy all claims that the trustee would be justified in making against said firm." The master makes a statement of cash receipts and disbursements from which it appears that Gann, Peaks & Haffenberg or some of them had received a considerable fee for services in seeking to effect a settlement with creditors prior to the filing of the petition in bankruptcy through Mrs. Raphael, but from what funds is not made clear. The special master also found that "he," the bankrupt, "paid a fee of $1,000 to Mr. Haffenberg in the nature of a retainer for services" some 10 days prior to the filing of the petition in bankruptcy. The evidence of the bankrupt shows that it was for services in the bankruptcy proceeding to be rendered. With regard to this retainer, the master makes no other statement. Objections to the report were filed and overruled. On presentation to the court, the report was duly approved and confirmed.

Thereupon the court proceeded to order as follows, viz.: "The court doth further find that the bankrupt herein paid to Charles B. Haffenberg, or the firm of Gann, Peaks & Haffenberg, of which he was a member, his attorneys, the sum of one thousand dollars ($1,000) within a few days prior to the filing of the petition against said bankrupt, and that said payment was made in contemplation of the filing of said petition against the said Robert Raphael, said bankrupt. The court doth order and direct as a part of said accounting in said petition mentioned and in the light of certain oth-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

er moneys having been paid to the said Charles B. Haffenberg, or said firm of Gann, Peaks & Haffenberg, and said Gann, Peaks & Haffenberg, of which he was a member, pay to the said Chicago Title & Trust Company, as trustee herein, the said sum of one thousand dollars ($1,000) so received by them at or immediately preceding the filing of the petition against said bankrupt, Robert Raphael, as aforesaid." From this order of the court Haffenberg perfected this appeal, assigning as errors that said decree is contrary to the special master's report, as confirmed; that there is no evidence upon which the same can be based; that said order deprives Haffenberg of his property without due process of law; that the court was without jurisdiction of the subject-matter; and that, if entered at all, said decree should have run against the firm of Gann, Peaks & Haffenberg.

J. G. Grossberg, for appellant.

Moritz Rosenthal, Henry H. Kennedy, Joseph W. Moses, and Julius Moses (Edward D. Wallace, of counsel), for appellee.

Before GROSSCUP, BAKER, and KOHLSAAT, Circuit Judges.

KOHLSAAT, Circuit Judge (after stating the facts as above). [1] This cause is properly here on appeal. In re Friend, 134 Fed. 783, 67 C. C. A. 500; Louisville Trust Co. v. Comingor, 184 U. S. 18, 22 Sup. Ct. 293, 46 L. Ed. 413.

[2, 3] The subject-matter of the petition of the trustee consists in moneys paid over to the respondents by or for the bankrupt prior to the filing of the petition to have the latter adjudged a bankrupt, which moneys respondents claim as their own. The petition falls within section 23 of the bankruptcy act, and is, in effect, a plenary proceeding; as distinguished from a proceeding in bankruptcy. Such being the case, the matter could not be disposed of in a summary proceeding (Louisville Trust Company v. Comingor, supra; Bardes v. Hawarden Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175; In re Friend, supra), and could only be entertained in the manner provided in section 23b as amended. Even though the consent set out in this section be deemed necessary under the facts of this case, such consent "means consent to the tribunal in which the controversy is to be carried on and not to the mode of procedure, which is regulated by general principles of law unless other provision is made." Sinsheimer v. Simonson, 107 Fed. 898, 47 C. C. A. 51.

[4, 5] While it appears from the record that no summons was issued against respondents, the petition was substantially in the form of a bill praying for specific and general relief. Without raising any objection to the jurisdiction of the court, the defendants below filed their several answers and went to hearing, thereby consenting to the jurisdiction of the District Court. Though summary in form, the substance of the proceedings was of a plenary character, and had reference only to controversies at law and in equity between trustees and adverse claimants as set out in section 23. Appellant properly so considered them and made no attempt to defend or justify the fee of $1,000 in question, which was a matter in bankruptcy (In re Wood & Henderson, 210 U. S. 246, 28 Sup. Ct. 621, 52 L. Ed. 1136), and as such not cognizable in a plenary suit. In re Friend, supra.

Section 60d, upon which the decree ordering the repayment of this $1,000 was based, reads as follows, viz.:

"(d) If a debtor shall, directly or indirectly, in contemplation of the filing of a petition by or against him, pay money or transfer property to an attorney and counselor at law, solicitor in equity, or proctor in admiralty for services to be rendered, the transaction shall be re-examined by the court on petition of the trustee or any creditor and shall only be held valid to the extent of a reasonable amount to be determined by the court, and the excess may be recovered by the trustee for the benefit of the estate."

There is nothing in the pleadings to raise an issue with regard to the fee paid in this case. There is in the record no petition upon which the court could base an inquiry into the reasonableness of the fee. It does not appear that the trustee knew anything about the payment until the hearing, nor was there any attempt to put Haffenberg upon notice that the reasonableness of the fee would be inquired into. It would have been a simple matter to have presented a petition and to have caused the attorney to be brought before the court in a summary manner for examination as to the reasonableness of his fee. As said in Re Wood & Henderson, supra:

"This is not a case of preference, where part of the estate is transferred to a creditor so as to give him more of the estate than to others of the same class under section 60 of the bankruptcy act, nor is it a case of fraudulent conveyance under section 67. To undertake to bring within this definition of a preference, requiring a plenary action for its recovery, the protection given a bankrupt's estate because of a transfer of property or money to an attorney or counselor for services to be rendered in contemplation of filing a petition in bankruptcy is to add to the clearly defined preferences contemplated by the act, and is to include entirely different transactions not embraced in the statutory definitions of a preference as Congress has defined that term. The section makes no provision for the service of process, and in that view such reasonable notice to the parties affected should be required as is appropriate to the case and an opportunity should be given them to be heard. The petition by the trustee to re-examine a transaction between the bankrupt and his attorney under this section is administrative in character, of which the court of bankruptcy has jurisdiction irrespective of section 23 of the act."

It is plain that it was in the mind of Congress to make the adjustment of attorney's fees, as covered by section 60d, no elaborate or plenary proceeding. The bankruptcy court alone in the first instance has jurisdiction to pass upon the justice of the fee, and it has such jurisdiction only when the matter is presented in such a manner as to fully advise the respondent of the investigation. In re Wood & Henderson, supra; In re Rosser, 4 Am. Bankr. Rep. 153, 159, 101 Fed. 562, 41 C. C. A. 497. So far as shown, no proof was called for or produced, nor does it appear that the court was advised of what would have been a reasonable fee. True, the order recites that the court heard the evidence adduced. This is not preserved, if any was in fact adduced in addition to that filed by the special master. However that may be, there is here, as above stated, an entire absence of pleadings, in this case a petition, upon which such evidence could be heard or such order predicated. Haffenberg, having had no opportunity to defend the reasonableness of his fee, was to that extent deprived of his property rights without due process of law. Until the petition was filed as provided for in section 60d, and Haffenberg notified to appear and submit to an investigation as to the reasonableness of his fee in the manner provided by the act, and in the absence

of any waiver of his rights in the premises, the court was without jurisdiction to pass upon the subject-matter.

The decree of the District Court, in so far as it directs the repayment of said sum of $1,000 by said Haffenberg, is reversed.