In re McVOY HARDWARE CO.

McVOY HARDWARE CO. v. NATIONAL HARDWARE ASS'N OF
UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. October 8, 1912.)

No. 1,956.

BANKRUPTCY (§ 455*)—ORDER REFUSING CONFIRMATION OF COMPOSITION—
"FINAL ORDER DENYING A DISCHARGE."

An order refusing to confirm a composition, on the ground that the judge is not satisfied that it is for the best interests of the creditors, is not a bar to a subsequent discharge, and is not a "final order denying a discharge," within Bankr. Act July 1, 1898, c. 541, § 25a(2), 30 Stat. 553 (U. S. Comp. St. 1901, p. 3432), authorizing an appeal from a judgment denying a discharge.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 916; Dec. Dig. § 455.*]

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

In the matter of the McVoy Hardware Company, a bankrupt. From an order refusing to confirm a composition objected to by the National Hardware Association of the United States, the bankrupt appeals. Dismissed.

James Rosenthal, of Chicago, Ill., for appellant.
Samuel A. Ettleson, for appellee.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

BAKER, Circuit Judge. Appellant offered terms of composition to its creditors and filed its application for the confirmation of the composition, which had then been accepted in writing by a majority in number of the creditors, whose claims represented a majority in amount of all claims. Appellee objected to confirmation on the ground that the proposed composition was not for the best interests of the creditors. No creditor interposed any objection to confirmation on the ground that the bankrupt had been guilty of any acts or failed to perform any duty which would be a bar to his discharge, or that the offer and acceptance of the composition were not in good faith, or had been procured by means of forbidden promises or acts. After considering a mass of evidence relating to the amount and value of the bankrupt's assets and the extent of the liabilities, the judge refused to confirm the composition on the sole ground that he was not satisfied that it was for the best interests of the creditors.

Appellee has moved to dismiss the appeal on the ground that the record discloses no appealable subject-matter.

If the appeal is entertainable, it is so because it falls under section 25a(2), which authorizes an appeal from a judgment denying a discharge. Here the judgment does not in terms deny a discharge; but under section 14c, which declares that a confirmation of a composition shall discharge the bankrupt, it is contended that the refusal to con-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

firm a composition necessarily has the effect of denying a discharge to the bankrupt in the pending bankruptcy proceeding. While the confirmation of a composition always has the inevitable effect of discharging, the bankrupt, thereby always giving the opposing creditors a right to appeal from the order of confirmation (In re Friend, 134 Fed. 778, 67 C. C. A. 500), we are of the opinion that a refusal to confirm a composition does not always and inevitably have the effect of denying a discharge to the bankrupt in the pending proceeding.

Section 12d provides that:

"The judge shall confirm a composition if satisfied that (1) it is for the best interests of the creditors; (2) the bankrupt has not been guilty of any of the acts, or failed to perform any of the duties, which would be a bar to his discharge; and (3) the offer and its acceptance are in good faith and have not been made or procured except as herein provided, or by any means, promises, or acts herein forbidden."

Under the first part of this section an affirmative duty is cast upon the judge, whether any creditor suggests it or not, to become satisfied by an inquiry into the assets and liabilities that the proposed composition is for the best interests of the creditors. An offer of composition may fall through because not enough creditors give their assent in writing; but, if enough creditors are satisfied, the offer may nevertheless fall through because the judge also must be satisfied that the offer is just and fair. Now, if the offer is rejected by the creditors as unfair, can there be any doubt that the bankrupt could obtain a regular order of discharge, unless, on specifications in opposition to his petition for discharge, he had been found guilty of acts which would be a bar? And in what respect is the situation different if the composition is refused by the judge as being unfair?

If creditors should file objections to the confirmation of the composition on either the second or third grounds stated in section 12d, and if upon such an issue the court should adjudge that the bankrupt had been guilty of acts which would bar his discharge, it might be that such an order refusing to confirm the composition would stand as res adjudicata against any subsequent petition of the bankrupt to be discharged in due course, and thereby be the equivalent in legal effect of a judgment expressly denying a discharge, and therefore appealable; but we do not definitively pass upon that question, as it is not necessary to do so for the purposes of the present decision. We make the suggestion respecting clauses 2 and 3 of section 12d for the purpose of throwing into relief the fact that a refusal to confirm on the ground that the composition is unfair, is no bar to a subsequent application for a discharge, and that the judge has cast upon him an affirmative duty, regardless of the question whether any creditor objects to confirmation on that ground or not.

In Ross v. Saunders, 105 Fed. 915, 45 C. C. A. 123, it was held that an appeal would not lie from the action of the judge in refusing to confirm a composition on the ground that it was not for the best interests of the creditors, because there was no opposing party in the appeal. But if a party moves that the judge perform a duty which the judge is bound to perform whether any suggestion to that end is made or not, does the suggestor thereby become an adversary party?

Does his presence or absence affect the nature of the judge's duty? We think not. But we believe that a better ground than want of parties is that the order refusing to confirm the composition on the ground that the judge is not satisfied that it is for the best interests of the creditors is not a bar to a subsequent discharge and therefore is not a final order denying a discharge.

In United States v. Hammond, 104 Fed. 862, 44 C. C. A. 229, an appeal was allowed from an order of the judge rejecting a composition; but we cannot gather from the report of the case whether the judge refused to confirm by reason of the first or second or third provision of section 12d.

The appeal is dismissed.