### In re A. E. RICHARDSON CO., Inc.

### Petition of CARRIZZO.

(Circuit Court of Appeals, Second Circuit. November 10, 1924.)

### No. 73.

**1. Bankruptcy ⇐440—District Court's order, confirming order of referee disallowing and expunging claim for damages for breach of lease, not reviewable by petition to revise.**

Order of District Court, confirming order of referee disallowing and expunging claim for damages for breach of lease, is not reviewable by petition to revise, under Bankruptcy Act, § 24b (Comp. St. § 9608), since such order does not grow out of a controversy arising in a bankruptcy proceeding, and is appealable under section 25a (3), being Comp. St. § 9609.

**2. Bankruptcy ⇐440—Rule as to review by petition to revise stated.**

If question to be determined arises in a bankruptcy proceeding, and does not fall within cases specified in Bankruptcy Act, § 25a (3), being Comp. St. § 9609, providing for review by appeals and writs of error in certain cases, review must be had by petition to revise, under section 24b (Comp. St. § 9608).

Petition to Revise Order of the District Court of the United States for the Eastern District of New York.

In the matter of the A. E. Richardson Company, Inc., bankrupt, Seymour K. Fuller, trustee, in which George Carrizzo filed a claim. On petition to revise order confirming order of referee disallowing and expunging claim. Petition dismissed.

See, also, 291 F. 772; 294 F. 451.

Henry I. Fillman, of New York City, for trustee.

Wechsler & Wechsler, of New York City, for petitioner.

Before ROGERS and MANTON, Circuit Judges, and LEARNED HAND, District Judge.

ROGERS, Circuit Judge. The petitioner filed proof of claim in the sum of $44,614.66 against the estate of the bankrupt. The claim is asserted to be for damages suffered by the claimant for the breach of a lease because of the bankruptcy of the lessee— the lease being for the term of 10 years. The trustee in bankruptcy filed written objections to the allowance of the claim, and the matter in due course was heard by the referee, who disallowed the claim and entered an order expunging it. The petitioner then applied for a review of the order. When it came on to be heard, the District Judge dismissed the petition, and confirmed the order of the referee.

[1] The petitioner then filed the petition to revise; in other words, he is asking this court to review by a petition to revise the question whether or not the claim is provable against the estate of the bankrupt. He has, however, mistaken his remedy, and the question he seeks to bring before this court is not properly here and we cannot consider it.

Bankruptcy Act, § 25a (3), being Comp. St. § 9609, provides that an appeal may be taken in bankruptcy proceedings from a "judgment allowing or rejecting a debt or claim of $500 or over." This court has held again and again that the remedies by petition to revise and by appeal are exclusive.

[2] And the rule is that, if the question to be determined arises in a bankruptcy proceeding, and does not fall within either of the cases specified in section 25a, review must be had by a petition to revise. Matter of Loving, 224 U. S. 183, 32 S. Ct. 446, 56 L. Ed. 725; Matter of Kuffler, 127 F. 125, 61 C. C. A. 259. The order sought to

be reviewed is an order arising in a bankruptcy proceeding, and does not grow out of a controversy arising in a bankruptcy proceeding. It therefore is not reviewable by petition to revise under section 24b (Comp. St. § 9608). In re Mueller, 135 F. 711, 68 C. C. A. 349.

The petition to revise is dismissed.